MORRIS HOWARD, *Adm'r, &c., et al.*, v. D. C. ENTREKEN, *Adm'r, &c., et al.*

JUDGMENT AND SALE; *Effect of Subsequent Vacation of Judgment.* Where a party plaintiff, who has obtained upon service by publication a judgment in his favor in an action in the district court to quiet his title, conveys in good faith the land to a stranger, before an application is made to open the judgment under § 77 of the code, the subsequent vacation of the judgment does not divest the purchaser of his title.

*Error from Miami District Court.*

ACTION in the nature of ejectment, brought by *Horace B. Smith* against *Torbett Entreken*, to recover a certain quarter-section of land in Miami county. After the commencement of the action the plaintiff died, and the action was revived in the names of his administrator and heirs. Trial by the court, and judgment for the defendant *Entreken*. Afterward the defendant died, and at the May Term, 1879, the judgment was revived in the names of his administrator and heirs. The facts are sufficiently stated in the opinion, and in *Entreken v. Howard, Adm'r*, 16 Kas. 551. The plaintiffs bring the case to this court.

*Wm. B. Brayman*, and *James D. Snoddy*, for plaintiffs in error.

*W. R. Wagstaff*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the nature of ejectment, brought by Horace B. Smith against Torbett Entreken, in the district court of Miami county, in November, 1870, to recover a quarter-section of land in that county. The plaintiff based his title upon a patent from the United States. The defendant claimed title through a decree of the district court of Miami county, of December 9, 1868, adjudging one Joel Abbott as the legal owner and possessor of the land in the action pending in that court between said Joel Abbott, as plaintiff, and Horace B. Smith, as defendant, and a warranty deed of April 14, 1869, executed by said Joel Abbott to defendant. Subsequently to the conveyance to Entreken, Horace B. Smith obtained a vacation of the judgment of December 9, 1868, by proceedings under § 77 of the code. After the commencement of this action, Horace B. Smith died, and the action was revived in the names of the plaintiffs, in error. Torbett Entreken also died, and the defendants in error have been substituted. This case was before the court in 1876, but in a different form. (*Entreken v. Howard, Adm'r,* 16 Kas. 551.)

The question now is, whether a person who buys land for a valuable consideration from a plaintiff to a judgment rendered in his favor in an action to quiet title upon service by publication, is a purchaser in good faith within the meaning of § 77 of the code? Or, stating the question in another form, does the subsequent vacation of a judgment under § 77 of the code, divest the title to land of a prior purchaser from the plaintiff to the judgment, where the purchase has been made in good faith and for a valuable consideration? This section reads:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened, the applicant shall give notice to the adverse party of his inten-

tion to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

We regard this section and § 467 of the code, as only declarations of the previous common-law rule; and, like that rule, they were adopted to protect third persons purchasing under the authority of a judgment or decree. They apply to strangers to the judgment, who have purchased under the honest belief that the judgment is valid. If the judgment is afterward reversed, or opened up, the defendant who has lost his property must look to the plaintiff for redress. In this case, the judgment of Abbott v. Smith was entered of record December 9, 1868. The deed of Abbott to Torbett Entreken was executed April 14, 1869. The application to open the judgment was not made till April 7, 1871. The title to the property in controversy (the subject of the judgment of December 9, 1868) was by such judgment and in consequence of it (rather upon the faith of such judgment and decree) by the warranty deed of Abbott, passed to Entreken before April 7, 1871. In the words of the statute, this title cannot be affected by any proceedings under § 77.

In Illinois, while it is conceded that the purchase by the plaintiff in the judgment is subject to be annulled by a subsequent reversal, the assignee from plaintiff of the certificate of purchase, under an assignment made before any reversal, is held to occupy as favorable a position, as if he, instead of

being an assignee, were the original purchaser at the sale. (*Guiteau v. Wisely*, 47 Ill. 433.)

If Torbett Entreken had purchased in good faith the property at a judicial sale, it must be conceded that his title would not have been divested by the reversal of the judgment. As he purchased the property, upon the faith of a judicial decree, from the party plaintiff for a valuable consideration and in good faith, the like rule prevails. When Joel Abbott conveyed to Torbett Entreken, he had, upon the solemn decree of a court of competent jurisdiction, a complete title as against Horace B. Smith, which it was competent for him to transmit by conveyance, in the usual mode. In making this conveyance, he divested himself of title, and invested it in Torbett Entreken. By this act of conveyance, Joel Abbott put an end to his power over the land. He could not resume his interest in it, without the consent of his grantee, and no decree subsequently made in the suit against Joel Abbott could affect the interest of Torbett Entreken. Joel Abbott had no interest in the land at the filing of the application to open up the judgment of December 9, 1868, and the vacation of that judgment could not affect an interest which he did not have in the subject. (*Taylor v. Boyd*, 3 Ohio, 338.) The case of *Martin v. Gilmore*, 72 Ill. 193, cited by counsel, is not applicable, as the law of Illinois of 1845, construed therein, makes a decree rendered upon service by publication merely interlocutory.

The district court committed no error in refusing to admit in evidence the vacation of the judgment of Abbott v. Smith, or the other matters offered in rebuttal to the decree of December 9, 1868.

The judgment will be affirmed.

All the Justices concurring.