THE FARMERS' LOAN AND TRUST COMPANY v. EBERT
S. CABLE, MABEL ROBINETT, et al.
No. 12,589.   (68 Pac. 1127.)

TITLE AND OWNERSHIP— *Service by Publication on Non-resident
Mortgagee—Innocent Purchaser.*   Where one in good faith,
and for a valuable consideration, purchases real property from the
owner, who has recently quieted the title by an action wherein
service on the holder of the mortgage was had by publication, the
subsequent vacation of the judgment under section 77 of the code
(Gen. Stat. 1901, § 4511) will not divest such purchaser of his
title.   The case of *Howard, Adm'r, v. Entreken, Adm'r,* 24
Kan. 428, followed.

Error from Wyandotte court of common pleas;
W. G. HOLT, judge.   Opinion filed May 10, 1902.   Af-
firmed.

*Flower, Peters & Bowersock,* and *Miller, Buchan &
Morris,* for plaintiff in error.

*T. P. Anderson,* and *James S. Gibson,* for defendant
in error Mabel Robinett.

*Per Curiam:* Plaintiff in error was the holder of a
mortgage of $1600 on a lot in Kansas City, not due, as
shown by the records.   Defendant in error Ebert Cable
purchased the equity of redemption in the lot for a
nominal sum and received a quitclaim deed to the
property, which he did not place of record.   A suit
was brought in the name of Cable to cancel the mort-
gage and quiét his title.   Service was obtained on
plaintiff in error and all parties in interest by publica-
tion, and a decree, purporting to have been rendered
upon evidence, was entered, finding the mortgage to
have been paid, awarding a cancelation, and quieting
the title in Cable.

On the day this decree was entered an abstract of

title was submitted to an attorney, who certified, in writing, that the title was perfect in Cable. Two days thereafter the property was conveyed by deed of general warranty to defendant in error Mabel Robinett, for a consideration of $1000. In the purchase, Mabel Robinett was represented by her husband, who claimed to have made the purchase relying on the certificate made by the attorney examining the abstract. The attorney testified that he made the certificate upon the strength of the decree quieting title in Cable. The record shows the purchase-money to have been divided between parties connected with the deal.

The plaintiff in error had no actual knowledge of the pendency of the action of Cable to quiet title, but learned of the same within a month from the date of the decree. It thereupon filed its motion to open up the decree, which motion was sustained. It also commenced this action to set aside the conveyance to Robinett and for foreclosure of its mortgage. The purchaser, Robinett, defended her title on the ground that she was a purchaser in good faith, in reliance upon the decree quieting title in Cable. Finding and judgment were in her favor, and plaintiff below brings error.

That plaintiff in error has been wronged in this matter must be conceded. That Cable had no right to a decree canceling the mortgage and quieting his title is apparent. That the whole scheme of securing the decree in the action to quiet title was conceived and carried out for the express purpose of defrauding plaintiff in error is not open to dispute. That the mortgage was not paid, and that the parties responsible for the bringing of the action to obtain its cancelation, and obtained the decree of cancelation upon

evidence as recited therein, knew the mortgage was not paid, and that the decree was false, wrong, and vicious, is clear from the record. The question remains, Can this wrong to the plaintiff in error be righted at this time, in justice to others?

The trial court has found from the evidence that defendant in error Mabel Robinett purchased in good faith, relying on this decree. This finding is conclusive upon this court. Upon this state of the record, the law is plain. Under the statute, such purchaser cannot be defeated by the setting aside and vacation of the decree under which the purchase was made. This court, in *Howard, Adm'r, v. Entreken, Adm'r*, 24 Kan. 428, passed on the precise question here presented, and there held:

"Where a party plaintiff, who has obtained upon service by publication a judgment in his favor in an action in the district court to quiet his title, conveys in good faith the land to a stranger before an application is made to open the judgment under section 77 of the code, the subsequent vacation of the judgment does not divest the purchaser of his title."

The case declares a rule of property, has been long followed by this court, is the well-settled law of the state, and is decisive of this case. It follows that the judgment must be affirmed.