Randall v. Barker.

J. L. RANDALL v. JOHN HENRY BARKER *et al.*

No. 13,303.    (74 Pac. 240.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP— *Vacation of Judgment.* A default judgment against a non-resident, vacated under the provisions of section 77 of the code (Gen. Stat. 1901, § 4511), cannot be relied on by a purchaser of the property which is the subject-matter of the judgment, when the purchase was made in total ignorance of the existence of such judgment and upon the strength of a chain of title wholly independent of it.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed November 7, 1903. Affirmed.

*Fairchild & Lewis,* for plaintiff in error.

*Albert Watkins, Prigg & Williams,* and *E. A. Austin,* for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: This is an action in the nature of ejectment brought by John Henry Barker and George W. Barker against J. L. Randall to recover a tract of land in Reno county. The facts are that plaintiffs, non-residents of the state, in 1897 purchased the land at foreclosure sale and leased the premises to one Snedecor, who entered into possession as their tenant. The taxes for the year 1895 not having been paid, the land was sold. A corporation known as the Irrigation Land and Trust Company procured the tax deed. That corporation by quitclaim deed conveyed to one Charles E. Tidd, who, on March 17, 1900, commenced his action of ejectment against plaintiffs and others to recover possession. To this action, Snedecor, the tenant in possession, was not made a party. Service by publication was had on the Barkers. Default be-

ing made, judgment was entered in favor of Tidd as plaintiff. Five days thereafter, Tidd, by general deed of warranty, conveyed the land in question, with other lands aggregating over 1000 acres, to plaintiff in error, Randall, for a consideration of $4500, as expressed in the deed. The sum of $4000 of the purchase-price was evidenced by promissory notes secured by a mortgage on the premises conveyed. Plaintiffs in this action had no actual notice of the bringing or pendency of that action. This action was commenced on the 20th day of October, 1900. After a first trial in ejectment and the vacation of the judgment under the statute, plaintiffs first learned of the former action by Tidd and judgment in his favor. Upon application of plaintiffs in this action, and showing made, the former judgment was vacated. At the second trial in this action, before the court sitting without a jury, special findings of fact were made, and among others necessary to a correct understanding of the case were the following :

"12. That no writ of possession ever was issued or executed in said action of *Tidd v. Beardsley et al.*

"13. That on the 12th day of May, 1900, said Chas. E. Tidd made his warranty deed to said premises and other lands situated in Reno county, Kansas, aggregating ten hundred and twenty (1020) acres and two (2) lots in the city of Hutchinson, Kansas, to J. L. Randall, the defendant in this action, which said deed was duly recorded in this county on the 15th day of May, 1900. That the consideration from Randall to Tidd for all of said lands conveyed by said warranty deed was a mortgage for $4000 upon said lands, executed by said Randall and delivered to said Tidd. And the evidence does not show how the balance of consideration named in deed was paid. That at the time of the purchase of said land by said Randall, and until after the commencement of this action, the said Randall had no knowledge or notice of the

said suit of *Tidd v. Beardsley et al.*, or the judgment therein; he never heard of the same until after the commencement of this suit.

"14. That these plaintiffs had no knowledge or information concerning the said action of *Tidd v. Beardsley et al.*, or of any of the proceedings herein had, until after the first trial in ejectment in this action, and until after the judgment rendered at such trial had been vacated, and this action had been continued to the next ensuing term of this court."

Upon the facts as found by the court from the evidence, plaintiffs had judgment for the recovery of the property. Defendant brings error, contending that on the facts as found he is entitled to judgment. This contention is based upon the provision of section 77 of the code (Gen. Stat. 1901, § 4511), which reads:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened, the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which by it or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter-affidavits to show that during the pendency of the

action the applicant had notice thereof in time to appear in court and make his defense."

Against this contention it is urged that Randall is not entitled to the protection afforded by the above statutory provision for the following reasons : (1) He was not a purchaser in good faith, for a valuable consideration, without notice of the rights of plaintiff ; (2) he did not purchase the property with knowledge of, or in reliance upon, the judgment in favor of his grantor, Tidd, and against plaintiffs ; (3) as the tenant of plaintiffs, Snedecor, in actual possession of the premises, was not made a party to the action, such judgment was not capable of enforcement by writ of possession and does not protect Randall ; (4) he did not acquire title to the property by, or in consequence of, the judgment in ejectment in favor of his grantor, Tidd.

These contentions raise many intricate and interesting questions, all of which, in the view we have taken of this case, need not now be considered and determined.  If, for any reason, the protecting hand of the statute is withheld from defendant, he cannot succeed in this case.  It may well be doubted whether the purchase by defendant from Tidd, under the findings made by the trial court, was for a valuable consideration and without notice of plaintiffs' rights, their tenant at the time being in the actual possession of the property.  Also, it may be doubted whether in an action in the nature of ejectment an enforceable judgment can be entered unless the tenant in the actual possession of the premises is made a party to the action, in order that any judgment for the recovery of the property may be enforced against him by writ of possession.  However, we do not feel called upon to

decide the above contentions at this time, but prefer to determine the case upon other grounds.

The title acquired by Randall to the property in controversy was based upon the tax deed to the irrigation company. Upon the strength of this title Tidd procured the judgment in his favor in the ejectment action. Of the existence of such judgment defendant had neither notice nor knowledge at the time of his purchase. Hence, of necessity, he did not part with anything of value upon the validity of this judgment. The statute provides:

"But the title to any property, the subject of the judgment or order sought to be opened, which by it or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment."

The object of this statute is to protect from the loss of the property, in the event of the vacation of the judgment under the statute, those who, in reliance upon a judgment as conclusive of the rights of the parties thereto, in good faith, for a valuable consideration, purchase the real estate, the subject-matter of the action. To become such purchaser and be entitled to the protection afforded, the purchaser must have knowledge of the judgment and part with his money in reliance thereon, and not purchase in ignorance of the judgment and in reliance upon the chain of title, independent of the judgment, as did the defendant in this case. In the opinion in *Howard, Adm'r, v. Entreken, Adm'r*, 24 Kan. 428, 430, it was said:

"We regard this section and § 467 of the code, as only declarations of the previous common-law rule; and, like that rule, they were adopted to protect third persons purchasing under the authority of a judgment or decree. They apply to strangers to the judgment,

who have purchased under the honest belief that the judgment is valid.   If the judgment is afterwards reversed, or opened up, the defendant who has lost his property must look to the plaintiff for redress.''

When used for the protection of the innocent purchaser the above statute has a most beneficial and salutary effect, but a protection so conferred is one so liable to abuse, so often invoked to shield the wrongdoer, that we are not inclined to extend its operation or enlarge its scope beyond the clear terms of the act.

It follows that upon the findings made the judgment was right and must be affirmed.

All the Justices concurring.