No. 18,957.

FRED L. MORRIS, Appellant, v. JAMES A. WINDERLIN, Appellee.

SYLLABUS BY THE COURT.

1. QUIETING TITLE—Defect of Parties—Void Judgment—Judgment Set Aside—Rights of Innocent Purchaser. A judgment was rendered upon publication service, quieting title against the two owners of a tract of land. One of these owners was dead when, the action was commenced. Applications were made by the living owner, and trustees under the will of the deceased owner, to open the judgment and be let in to defend, which applications were sustained. On the trial each of these owners recovered judgment quieting title to an undivided one-half of the tract and setting aside tax deeds thereon. This action was brought by the grantee of the owners whose title had been quieted. The defendant in this action is an innocent purchaser, holding under a conveyance from the plaintiff in the former action, relying upon the judgment. It is held:

(a) The judgment first rendered in the former action against the deceased owner was void.

(b) The form of the application to set aside a void judgment is not important. Although applying to open the judgment and to be let in to defend, the application of the trustees did not make the void judgment effectual for any purpose.

(c) The defendant in this action is protected in his title purchased in reliance upon the judgment that was afterwards set aside, only so far as the court had jurisdiction to proceed against the living party, but his title is not valid as against the grantees of the trustees under the will of the party who was dead when the action was commenced.

2. JUDGMENT — Set Aside — Inures to Benefit of Cotenant. A judgment setting aside tax deeds at the suit of a tenant in common inures to the benefit of a cotenant.

3. FOREIGN WILL—Trustees' Deed—Not Void. A deed made by trustees under a will made in another state and recorded in the probate court of the county in this state where the land is situated is not void merely because the trustees have failed to give the bond required by section 9483 of the General Statutes of 1909.

4. WILL—*Trustees—Authority to Sell Property.* A will direct-
ing trustees to place the property in a fund, the income of
which they are required to apply to the support of a charity
created by the will, necessarily vests the trustees with au-
thority to sell the property.

Appeal from Haskell district court; GEORGE J.
DOWNER, judge. Opinion filed July 7, 1914. Reversed.

*Bennett R. Wheeler,* and *John F. Switzer,* both of
Topeka, for the appellant.

*Walter T. Matson,* of Wichita, *William Easton Hutch-
ison,* and *C. E. Vance,* both of Garden City, for the
appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action to recover possession
of an undivided one-half of a quarter section of land in
Haskell county and for partition.

The defendant asserts that he is the owner of the land
in fee simple, and denies that the plaintiff has any in-
terest in it.

Both parties allege that Angenette A. Hunt and
Ysidora B. Payne became the owners of the land on
July 27, 1893, subject only to a tax deed issued June 12,
1902, to Orthy Connet for the delinquent taxes of the
years 1893 to 1901, inclusive, recorded June 13, 1902,
and a tax deed of an earlier date, referred to as the
Eyman deed, issued to C. C. Rush. Miss Hunt died in
New York in December, 1891, while a resident of that
state, leaving a will, under which her interest in this
land became vested in three trustees.

In January, 1903, Orthy Connet commenced an ac-
tion in the district court of Haskell county against
Angenette A. Hunt and Ysidora B. Payne, E. O. Eyman
and others to quiet his title to the land in controversy.
Service was made by publication and judgment was
rendered on March 9, 1903, by default, quieting title as
prayed for. Afterwards Connet, by warranty deed,
conveyed the land to Elbert H. Rice, who, by warranty

deed, conveyed it to John S. Wallace, and John S. Wallace, on September 13, 1905, conveyed it to the defendant, Winderlin, who, relying upon the judgment quieting title, paid $600 for the conveyance, which was made by warranty deed. It is conceded that in this situation Winderlin owns one-half the land in fee simple. The title to the other half only is in dispute.

In February, 1906, Ysidora B. Payne applied to the district court under the statute for leave to come in and defend the action of Orthy Connet. On the same day the trustees under the will of Miss Hunt filed their application in the same cause, setting forth the fact that the testator was dead at the time that action was commenced, asking for an order setting aside the judgment that had been rendered against her and for permission to come in and defend. Both applications were sustained, and on May 14, 1907, all the parties appearing, the cause was tried and judgment was rendered declaring that Ysidora B. Payne owned one-half of the land and the trustees under the will of Angenette A. Hunt owned the other half in fee simple, setting aside the Connet tax deed, and also the Eyman tax deed, but adjudging a lien of $275 in favor of the holder, who appeared in the action.

In the year 1906 the trustees filed an exemplified copy of the will of Angenette A. Hunt in the probate court of Haskell county, which was admitted to record in that court. On June 17, 1907, the trustees conveyed the land to Fred L. Morris, who afterwards commenced this action. No bond was ever filed, as provided by section 9843 of the General Statutes of 1909, which provides that trustees named in a foreign will may execute the trust upon giving bond to the state, with sureties approved by the court in which the will is recorded.

The defendant invokes the protection afforded to an innocent purchaser who has relied upon a judgment afterwards set aside. (Civ. Code, § 83, former Civ. Code, § 77.) This claim would readily be conceded if

Miss Hunt had been living when the Connet action was commenced, but being dead, the judgment against her was void. It is contended, however, that although void when rendered, yet when the application was made to open it and to be let in to defend, the question of jurisdiction was waived. (*Aherne v. Investment Co.*, 82 Kan. 435, 108 Pac. 842.) This was not a question of jurisdiction arising in proceedings against a living person which are fatally defective. There was no action against Angenette A. Hunt. She was not in being. The fact that she was dead was stated in the application to open the judgment. A void judgment may be vacated at any time on the motion of a party interested. (Civ. Code, § 598.) The form of the application is not important, and the fact that the trustees chose to come in and try their title in connection with that of their cotenant, Miss Payne, was a matter of convenience. They did not by asking to have a void judgment vacated make it effectual before it was set aside, or for any purpose.

As Miss Hunt was dead when the Connet suit was commenced, the effect of that suit was the same as though her name had not appeared in it. On the retrial of that action the Connet tax deed was set aside, but that judgment did not affect Mr. Winderlin's title to one-half the property owned by Miss Payne, for as to that interest he is protected as an innocent purchaser, but he is not protected against the interest of the trustees holding the other half under the will of Miss Hunt, for as to her and the trustees the first judgment was void. The fact that Connet's grantee is protected as an innocent purchaser in the enjoyment of one-half the land owned by Miss Payne, against whom the court had jurisdiction to render the first judgment, did not preclude her on the second trial from obtaining a valid judgment setting the Connet tax deed aside.

This judgment setting aside the tax deed inures to the benefit of her cotenant, the trustees.

"A tenant in common owning a moiety of the fee may in an action of ejectment recover the entire possession of a tract of land from one who holds the same only by virtue of a voidable tax deed, on payment of the lien for taxes." (*Horner v. Ellis*, 75 Kan. 675, syl. ¶ 3, 90 Pac. 275.)

There is a suggestion in the defendant's brief of a possible reliance upon the old Eyman tax title, but that was set aside on the trial of the Connet case and a judgment given for the taxes it represented.

It is said in the argument for the defendant that if he "had been made a party to the cross-petition filed by defendants in the former case and served with summons, and thereafter judgment had been rendered on said cross-petitions in the form that it was rendered, Mr. Winderlin could not in this case claim any title." This action, however, reaches the same end. Winderlin could make any defense in this action that he could have made had he been brought into the former action, and no more. Had he been impleaded in that action as suggested, he could have claimed the protection of an innocent purchaser of all the interest in the land that the court had jurisdiction to adjudicate upon at the time the first judgment in the former action was rendered. He has the same right here.

It is also argued that if the defendant is not given the protection of the judgment in the former case as to the entire title, then he is not bound by any part of the judgment, and his title stands as though it had not been rendered; that is, that his tax title remains in force. In this argument greater effect is given to the statute protecting the innocent purchaser than is warranted. That statute does not affect the rights or remedies of the parties, or the right to proceed to a new trial with all its incidents and results, excepting only that the title of an innocent purchaser who relied upon the judgment can not be disturbed. The court had the same power to adjudicate upon the tax title after the conveyance as before. Only the title of the innocent pur-

chaser is unaffected. The real owner recovers judgment for his land precisely the same as though it had not been conveyed. While he can not enforce the judgment by wresting possession from the purchaser, he may recover its value from the party through whose action it was taken from him. (*Flint v. Dulany*, 37 Kan. 332, 15 Pac. 208.)

Both parties rely upon the opinion in *Howard, Adm'r, v. Entreken, Adm'r,* 24 Kan. 428. The distinguishing feature of this case is that the original judgment in the former action was rendered against a dead person, and was therefore void. It was as though it had not been rendered. Other authorities are cited, but are not controlling in the situation here presented.

It is contended by the defendant that the conveyance by the trustees is void because no bond was given, as required by the statute. While the execution of the deed without a bond is irregular, it is not void, and the defendant who has no title to the one-half interest conveyed is not concerned to protect the estate in the custody of the trustees. (*Watts v. Cook*, 24 Kan. 278.)

It is argued that the trustees' deed is void because of the lack of power to make a sale under the will. The will devises the property to the trustees, to be placed in a fund, and provides that the income derived therefrom shall be used in the support of a charitable trust created by the will. In order to place this land in the fund, and apply the income as directed, it was necessary to sell it. Hence the power existed. (*Robinson v. Robinson*, 105 Maine, 68, 72 Atl. 883, 134 Am. St. Rep. 537.)

The judgment is reversed and the cause remanded with instructions to render judgment as prayed for.