No. 19,693.

J. J. HAAS, *Appellee*, v. CLEMENT L. WILSON et al., *Appellants*.

SYLLABUS BY THE COURT.

1. PUBLIC LAND—*Patent to Heirs of Deceased.* The rule announced in *Byerly v. Eadie,* 95 Kan. 400, 148 Pac. 757, is adhered to.

2. LAND IN WILD STATE—*No Title by Adverse Possession.* Title to real property can not be acquired by adverse possession where the land is in a wild state, vacant, unoccupied, and no apparent acts of ownership have been performed thereon.

Appeal from Greeley district court; ALBERT S. FOULKS, judge. Opinion filed February 12, 1916. Reversed.

*Clement L. Wilson,* of Tribune, and *Mayo Thomas,* of Elkhart, for the appellants.

*W. C. Dickey,* of Leoti, and *W. M. Glenn,* of Tribune, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to quiet title to real property. The plaintiff recovered judgment. The defendants appeal.

John W. Gray filed on government land in Greeley county but died before making final proof. He left as his heirs Robert J. Gray, Narcissus A. Kelly, Callie T. Gray, Lilla E. Samish and George W. Gray. Narcissus A. Kelly made final proof and a patent was isued by the government to the heirs of John W. Gray. P. J. Donahue was appointed administrator of the estate of John W. Gray, and under an order of the probate court conveyed the land to J. C. V. Kelly, the husband of Narcissus A. Kelly. Afterwards, Kelly and his wife conveyed the land by warranty deed to Clarence L. White, who in turn conveyed it to the plaintiff in April, 1889. Robert J. Gray died in 1912, intestate, leaving as his only heir his grandson Rex Williams. In August, 1912, Rex Williams conveyed by quitclaim all his right, title and interest in the land to Clement L. Wilson. In 1911 Callie T. Gray, Lilla E. Samish, George W. Gray and Narcissus A. Kelly by quitclaim deed conveyed all their right,

title and interest in the land to the defendant Virginia Lee
Byerly.

The land was continuously vacant, unoccupied and in a wild
state from 1889 until 1912, when defendants Clement L. Wil-
son and Virginia Lee Byerly went on the land and plowed
around it. John W. Gray was buried on the land and his body
remained there until 1912, when it was removed therefrom by
the defendants. The plaintiff has paid the taxes on the land
from the time of acquiring his deed in 1889 to the present time.
The defendants do not now claim title to the whole of the land.
They claim four-fifths of it and ask that it be divided.

1. *Byerly v. Eadie,* 95 Kan. 400, 148 Pac. 757, disposes of
the administrator's deed, and its validity as against the gran-
tees of the patentees is not now urged. The deed from Nar-
cissus A. Kelly and her husband to Clarence L. White conveyed
to him the title acquired by her under the patent from the gov-
ernment. The deed from White to the plaintiff conveyed that
title to him. The plaintiff and the defendants then became
tenants in common of the land in controversy.

2. The principal question for our consideration is, Did the
plaintiff acquire title to this land by adverse possession, the
land being vacant and in a wild state, and no apparent acts of
ownership having been exercised thereon? This question has
been disposed of by numerous decisions of this court. In
*Dickinson v. Bales,* 59 Kan. 224, 52 Pac. 447, it was said:

"To constitute adverse possession of land, it is not absolutely neces-
sary that there should be inclosure, buildings, or cultivation, but the acts
done must be such as to give unequivocal notice of the claim to the land,
adverse to the claims of all others, and must be of such a character and
so openly done that the real owner will be presumed to know that a posses-
sion adverse to his title has been taken." (Syl. ¶ 1.)

(See, also, *Taylor v. Miles,* 5 Kan. 498, 514; *Myers v. Coon-
radt,* 28 Kan. 211, 215; *Board of Regents v. Linscott,* 30 Kan.
240, 264, 1 Pac. 81; *Case v. Frazier,* 30 Kan. 343, 2 Pac. 519;
*Walker v. Boh,* 32 Kan. 354, 357, 4 Pac. 272; *Harris v. Curran,*
32 Kan. 580, 4 Pac. 1044; *Craven v. Bradley,* 51 Kan. 336, 339,
32 Pac. 1112; *Claflin v. Case,* 53 Kan. 560, 36 Pac. 1062.)

The plaintiff's possession, if he can be said to have been in
possession, was neither open nor notorious. It did not have
those elements that ripen into title by fifteen years' continuous

duration. No one was in such possession of the land as would enable him to acquire title by adverse possession. It was vacant, unimproved, unoccupied, and it is not shown that any one performed any acts of ownership on the land after it was patented until defendants Wilson and Byerly plowed around it.

The judgment is reversed. The action is remanded with direction to proceed in accordance with the views herein expressed.