No. 20,522.

L. H. WHITEMAN, *Appellee*, v. ALLIE CORNWELL et al. (NICHOLAS WAGNER, *Appellant*, and W. S. HODGES, *Appellee*.)

SYLLABUS BY THE COURT.

1. JUDGMENT—*Quieting Title—Publication Service—Judgment Vacated —Rights of Innocent Purchaser.* The rights of a purchaser of real estate who, in good faith and for a valuable consideration, and in reliance on a judgment quieting the title of his grantor, acquires the property by warranty deed, are protected by section 83 of the civil code, although the judgment may be opened for further consideration as to the rights of the original parties thereto.

2. SAME. The defendant, a resident of Iowa, owned a tract of wild unoccupied land. The plaintiff procured a questionable and perhaps worthless title thereto and filed an action to quiet and confirm his title. The defendant was summoned by publication; and, having no actual notice, judgment was rendered against him by default. The plaintiff then sold the land by warranty deed to a third party who relied on the judgment, in good faith and for a valuable consideration. When the judgment was opened, this third party appeared and contested with the defendant. In such a situation the rule of the civil code, section 83, protects the *bona fide* purchaser under the judgment, although it is set aside so far as it relates to the controversy between the plaintiff and defendant.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed April 7, 1917. Affirmed.

*V. H. Grinstead,* of Liberal, for the appellant.

*F. S. Macy,* and *E. W. Davis,* both of Liberal, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents the too familiar predicament of a man whose right to a tract of land has been cut off by a judgment founded on a publication service pursuant to the statutes.

The plaintiff, who had little or no claim to the land, filed a suit against the defendant, Nicholas Wagener, and others, claiming to be the legal and equitable owner of the land in controversy and other lands mentioned in his petition, alleg-

ing that the defendants claimed some estate or interest therein, but whatever such estates or interests might be they were all inferior to his estate and right to possession, and that the defendants unlawfully kept him out of possession, and praying for possession and confirmation of his title and for a writ of restitution.

Wagener, the owner of the land, resided in Iowa, and he was summoned by publication—which he, of course, knew nothing about—and judgment was rendered against him by default. The decree adjudged the plaintiff to be the absolute owner of the land in question, and confirmed his title and possession and decreed that if the defendant was in possession a writ of restitution should issue forthwith to eject any and all persons in possession and to deliver the possession to the plaintiff.

When Wagener learned of these judicial transactions he filed a motion to open the judgment, and filed his answer deraigning title through mesne conveyances from the United States and also an independent title founded on tax deeds. The judgment was opened, but one W. S. Hodges, who had procured a warranty deed to the land from the plaintiff executed six months and twelve days after the default judgment was rendered against Wagener, appeared and claimed the property as a *bona fide* purchaser without notice and that he had relied upon the default judgment.

The court gave judgment for Hodges, the plaintiff's grantee, and Wagener appeals.

If we do not find some way to upset this judgment it will not be for want of an inclination to .do so, but only because of legal obstacles which we have no right to ignore. The general finding of the trial court settles all the issuable facts in favor of Hodges, so that avenue of relief for appellant is barred. The statute provides that the rights of *bona fide* purchasers of property the title to which has been judicially determined, after six months, shall not be affected by proceedings to set aside judgments obtained by default and on publication service. (Civ. Code, § 83.) The precedents respecting this statute are too numerous and too formidable to be overcome. (*Howard, Adm'r, v. Entreken,* 24 Kan. 428; *Loan Co. v. Cable,* 65 Kan. 306, 68 Pac. 1127; *Morris v. Winderlin,* 92 Kan. 935, 142 Pac. 944.)

The case of *Randall v. Barker*, 67 Kan. 774, 74 Pac. 240, recognized this principle, although the court found it possible to rescue the true owners of the property because their adversary had not acquired title under the judgment or in reliance upon it but had purchased the property without notice of the judgment.

Nor do we find an analogy between the case at bar and that of *McNutt v. Nellans*, 82 Kan. 424, 108 Pac. 834, which counsel for appellant urges us to consider. It was there said:

"The objection which the plaintiffs still make to the title is that the judgment was rendered upon service by publication and may be vacated at any time within three years. The doctrine, however, is established by numerous decisions that the title of a purchaser in good faith who relies upon a judgment quieting title to the land in his grantor can not be affected or disturbed by the vacation of the judgment, but is protected by the express provisions of the statute. (Civ. Code, § 77, Gen. Stat. 1901, § 4511; Code, 1909, § 83; *Howard, Adm'r, v. Entreken, Adm'r*, 24 Kan. 428; *Loan Co. v. Cable*, 65 Kan. 306; *Randall v. Barker*, 67 Kan. 774.) If, therefore, the plaintiffs had taken a conveyance from the defendant their title would not be affected by the vacation of the judgment, provided they could prove that they purchased in good faith and in reliance upon the judgment." (p. 427.)

Noticing other features of appellant's argument, we are constrained to hold that Hodges did maintain the burden of proof to show that he purchased the property in good faith and in reliance on the judgment—at least the trial court had sufficient evidence submitted to it to warrant such determination. There was an allegation in plaintiff's petition that defendant was in possession, but it developed that the land was not in the actual occupancy of any person, being the characteristic undeveloped land still quite common in that part of the state. There is a doctrine that wild lands are constructively in the possession of the true owner, but this doctrine can not be extended to charge a purchaser with constructive notice of constructive possession of such lands. (*Haas v. Wilson*, 97 Kan. 176, 154 Pac. 1018.) There was no impropriety in the recital in the decree granting a conditional writ of possession if any person was found in possession of the land, and the issue and execution of such a writ to put the plaintiff in possession of this wild and unoccupied land would have been an idle ceremony. It is also contended that one can not quiet his title if he has no title. He can not if his adversary having

Whiteman v. Cornwell.

some sort of title sees fit to contest with him. But if the latter foregoes a contest, shall not the plaintiff prevail? If I am sued for a sum of money which I do not owe, on a claim without even a shadow for its basis, and am duly summoned into court, and I wholly ignore the judicial proceeding, the plaintiff will take judgment against me by default, and in time that judgment will become unassailable. Certainly I will then be indebted to the person who secured judgment against me, and there will be no escape from it.

We note that the attorneys who examined the title advised Hodges—

"If a client of ours should take title, we would want them to look up the possession of the land, at the date judgment was rendered, which was on the 6th day of June, 1913, and see who occupied the land at that time, and see whether it has been occupied since that time. If it has not been occupied, no one in possession of the land or making any claim of ownership over it, then we would say that a warranty deed from L. H. Whiteman would give good title to this land."

In deference to this suggestion, an affidavit of one who knew the land was appended to the abstract which recited that the land was not in the actual possession of any person; that it was "raw prairie land." We see no way to overturn this case on the question of possession. That section 83 of the civil code serves a salutary purpose is undeniable; that its wise provisions may be perverted has frequently been recognized by this court. Much may be done by trial courts to prevent its being misused. Doubtless much is so done. But the matter of security of title is essentially a question for the legislature. Its fiat may be wise or unwise, just or unjust, but within constitutional limitations its will is supreme, and however reluctant we may be to apply the law to a given case—and this appears to be such a one—our duty to recognize and to declare it may not be avoided. We can not avoid it here, and the judgment is affirmed.