Trager v. Elliott.

No. 22,193.

G. F. TRAGER, *Appellant*, v. E. H. ELLIOTT, *Appellee*.

SYLLABUS BY THE COURT.

1. TAX DEED—*Possession of Grantee—Action to Recover.* Ordinarily the grantee of a tax deed must either procure peaceable possession of the property covered by his deed within two years after his deed is recorded, or he must begin an action to recover within that time. (Civ. Code, § 15, subdiv. 3.)

2. SAME—*Unoccupied Prairie Land—Insufficient Evidence to Show Adverse Possession.* Neither the grazing of cattle on unoccupied prairie land and on other similarly vacant prairie lands in the same locality, nor the occasional mowing of grass on such land, is sufficient to establish notice of a claim of exclusive possession in the holder of a tax title to such unoccupied prairie land, especially when it is also shown that the cattle and horses of other settlers also ranged and grazed over the same locality and were not excluded from the land in dispute, and when it is also shown that it was a custom of the settlers of that locality to mow grass on vacant lands wherever it was available.

3. SAME—*What Constitutes Adverse Possession.* "To constitute adverse possession of land, it is not absolutely necessary that there should be inclosures, buildings, or cultivation, but the acts done must be such as to give unequivocal notice of the claim to the land, adverse to the claims of all others, and must be of such a character and so openly done that the real owner will be presumed to know that a possession adverse to his title has been taken." (*Dickinson v. Bales*, 59 Kan. 224, 52 Pac. 447, Syl. ¶ 1.)

4. SAME—*Wild Land—Presumptions as to Possession.* The possession of open, wild and uncultivated land is constructively and presumably in the owner of the fee title.

5. SAME—*Wild Lands—Limitation of Action for Possession.* If land remains vacant and unoccupied after a tax deed to it is issued and recorded, and thereafter the owner of the fee enters and takes possession, the tax-title holder must commence proceedings to secure possession within two years from the time the fee holder takes possession.

6. SAME—*Evidence—Findings Conclusive on Appeal.* The sufficiency of the evidence to prove the fact of possession of property by a holder of a tax title is a question for the trial court, and its determination of that fact is ordinarily conclusive on appeal.

7. SAME—*When Tax Deed May be Attacked after Five Years.* A tax deed which has been recorded for over five years, where its holder has never been in open, notorious and exclusive possession under it, is not immune from impeachment by way of defense when such tax deed is the foundation for a claim to affirmative relief.

Trager v. Elliott.

8. SAME—*Insufficient Evidence to Show Exclusive Possession in Holder of Tax Deed.* In the time of sparse settlement in Haskell county, in 1902, plaintiff's grantor obtained a tax deed to a quarter section of vacant prairie land. He paid taxes on the land until 1909 and then quitclaimed the land to plaintiff. During those years his cattle grazed on the land, and also on other vacant lands in that locality. The cattle and horses of other settlers also grazed over the range of which this land was a part. Plaintiff's grantor may have mowed grass on this land—it was so testified. During those years it was the custom of settlers in that locality to cut grass on vacant lands wherever they could find it, but without claim of right thereto. There was no other evidence which would bring notice to the owner of the fee that the plaintiff's grantor exercised or claimed an adverse right of possession. *Held,* that the trial court did not err in its judgment that the evidence was insufficient to prove possession in the holder of the tax title.

Appeal from Haskell district court; GEORGE J. DOWNER, judge. Opinion filed February 7, 1920. Affirmed.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellant.

*William Easton Hutchison,* and *C. R. Hope,* both of Garden City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action in ejectment by the grantee of a tax-title holder against the holder of the fee title.

The dispute involved a quarter section of Haskell county land, to which the plaintiff's grantor received a tax deed from the county clerk in 1902. The defendant deraigned title in fee by quitclaim conveyance from the patentee of the United States.

In 1902, when plaintiff's grantor acquired the tax title, the land was unoccupied and unimproved—simply a part of the virgin prairies of Haskell county. From 1902 to 1909, plaintiff's grantor pastured cattle on the land. There was some testimony also (which the trial court may have disbelieved) that the tax-title holder had mowed some grass on it. His cattle and the horses and cattle of other settlers grazed on the land in dispute and upon other unoccupied lands in that locality. Plaintiff's grantor made no attempt to exclude the cattle of his neighbors from this land. Plaintiff's witnesses testified that his grantor had exclusive possession of the land from 1902 to

1909; but the testimony as to the pasturing (and mowing, if any,) and the payment of taxes, are the sum total of the evidence tending to show the exercise or enjoyment of exclusive possession of the property by plaintiff's grantor. Shortly after plaintiff obtained the quitclaim deed from the holder of the tax title, the defendant obtained the fee title, and thereafter, in 1911, he caused some plowing to be done on the land and sowed wheat on it. In time fifty acres were thus farmed, and if this exclusive exercise of dominion over the property is, in effect, possession, the defendant has been in possession since 1911. This does not seem to be denied.

From 1902 to 1909, inclusive, the plaintiff's grantor paid the taxes; thereafter they were paid by defendant.

It does not appear that plaintiff ever questioned defendant's acts of ownership or dominion until this action was begun, in 1917, although he did offer to pay the taxes as they matured. The defendant was always too forehanded for him on that matter.

The trial court gave judgment declaring plaintiff's tax deed to be invalid for irregularities which we are not asked to review. Ownership and right to retain possession were decreed to defendant; possession was denied to plaintiff, but he was given a lien on the land for taxes paid by his grantor.

Plaintiff appeals.

The main question is whether the plaintiff's grantor acquired possession of the land within two years after he procured the tax deed. (Civ. Code, § 15, subdiv. 3.) It was not necessary for him to bring an action for possession. Since the land was unoccupied, he might have taken peaceable possession of it. But merely constructive ownership of undeveloped prairie land would not charge the fee-title holder with notice of any adverse claim of right in a tax-title holder. The grazing of cattle on the land would not charge the fee holder with notice of a claim of exclusive possession, or right of possession, during that early stage of Haskell county settlement. (2 C. J. 67.) At that time, ordinarily, cattle and horses pastured over all unfenced and uncultivated lands. The only care then given to live stock was to turn them from occasional patches of growing crops, to corral them at night, and to provide them with water. Nor would the cutting of a little prairie grass for hay, if that

Trager v. Elliott.

was done, charge the owner with notice of an adverse claim of right or possession. Early settlers in that prairie country were accustomed to cut grass on unoccupied lands wherever it was available, without complaint from the owners, but also without pretense of right by those exercising that privilege. But to effect a lawful possession, it was not necessary for the holder of the tax title to fence it, nor to plow it, nor to placard it. It was necessary, however, for him to do something tangible, something substantial, to clearly indicate the exercise of an exclusive possessory dominion over the land.

In *Dickinson v. Bales,* 59 Kan. 224, 52 Pac. 447, it was said:

"To constitute adverse possession of land, it is not absolutely necessary that there should be inclosure, buildings, or cultivation, but the acts done must be such as to give unequivocal notice of the claim to the land, adverse to the claims of all others, and must be of such a character and so openly done that the real owner will be presumed to know that a possession adverse to his title has been taken." (Syl. ¶ 1.)

(See, also, *Haas v. Wilson,* 97 Kan. 176, 154 Pac. 1018; *Finn v. Alexander,* 102 Kan. 607, 171 Pac. 602.)

So long as this land lay open, wild and unoccupied, the constructive possession of it attached to the owner of the fee. (*Whiteman v. Cornwell,* 100 Kan. 234, 236, 164 Pac. 280.)

"We are entirely satisfied that a conveyance of wild or vacant lands gives a constructive seizin thereof, indeed, to the grantee, and attaches to him all the legal remedies incident to the estate. *A fortiori,* this principle applies to a patent; since at the common law, it imports a livery in law." (*Story, J., in Green v. Liter and others,* 8 Cranch [U. S.] 229, 248, 3 L. ed. 545, 552.)

If a tax deed to such wild land is valid, the constructive possession of it passes to the grantee of such deed by operation of law. (*Myers v. Coonradt,* 28 Kan. 211, 215.)

If a tract of wild land is so situated that the holder of a tax title can peaceably enter and take possession thereof without judicial aid, he may do so; and while the acts constituting entry and retention of exclusive possession are left to his own initiative, they must be so notorious, so obvious, that there can be no equivocation as to their character; they must be such as would disclose notice to a prudent owner of the fee that rights of adverse possession were being exercised against him. And if the tax-title holder cannot otherwise secure peaceable possession, he must commence judicial pro-

ceedings to secure it within two years.  In *Thornburgh v. Cole,* 27 Kan. 490, 497, it was said:

"The two-years statute of limitation mentioned in said subdivision [Subdiv. 3, § 16, Art. 3 of the Code; now Civ. Code, § 15, subdiv. 3] applies to a party out of possession and seeking to recover upon the strength of a tax title.  Such a party must bring his action for the recovery of the real property sold for taxes within two years after the date of the recording of the tax deed."

If the land remains vacant and unoccupied after the tax deed is issued and recorded, and thereafter the owner of the fee enters and takes possession, the tax-title holder must commence proceedings to secure possession within two years from the time the fee holder takes possession.  (*Case v. Frazier,* 30 Kan. 343, 2 Pac. 519; *Coale v. Campbell,* 58 Kan. 480, 49 Pac. 604; *Andrew v. Reid,* 91 Kan. 135, 136 Pac. 793.)

The court has reëxamined *Guinn v. Spillman,* 52 Kan. 496, 35 Pac. 13, and the other cases cited by appellant which turned upon the sufficiency of the evidence to prove exclusive possession by tax-title holders through their acts of dominion and control over the properties involved.  In those cases, all that this court had to do was to decide that the evidence of acts of ownership and dominion were sufficient to justify the judgment of the trial court.  Here the trial court held that the very slight evidence which plaintiff was able to adduce was insufficient to establish the fact of exclusive possession by his grantor.  Once again we must apply the usual rule that the judgment on the facts as found by the trial court will not be disturbed on appeal, unless all the competent and creditable evidence constrains a different conclusion.  Since upon the evidence, the trial court found that plaintiff's grantor did not exercise such exclusive dominion over the land as to charge the fee-title holder with notice of a claim of adverse possession prior to the entry and assumption of possession by the latter in 1911, nor within two years after the recording of the tax deed, and since the holder of the tax title did not commence proceedings within two years after entry and possession by the holder of the fee, the tax-title holder was properly barred of his right of action to recover possession.

It does not appear that section 11456 of the General Statutes of 1915, which authorizes an action by a fee-title holder to recover land sold for taxes, or to defeat or avoid a sale or

conveyance of land for taxes, to be brought within five years and not thereafter, is involved in this case. The holder of the tax title brought this action, not the owner of the fee. And the fact that plaintiff's tax deed had been recorded over five years did not render it immune from impeachment for irregularities by way of defense when it was the foundation to plaintiff's claim to affirmative relief. (*Walker v. Boh*, 32 Kan. 354, 4 Pac. 272; *Stump v. Burnett*, 67 Kan. 589, 73 Pac. 894; *Nicholson v. Hale*, 73 Kan. 599, 601, 85 Pac. 592; *Muckenthaler v. Noller*, 104 Kan. 551, 557, 180 Pac. 453.)

The judgment is affirmed.