No. 32,073

MARY F. BRYNER and ISAAC DEGEN, *Appellees*, v. EMILE F. FERNETTI and ZELDA FERNETTI, His Wife, *Appellants*.

(41 P. 2d 712)

Opinion filed March 9, 1935.

*P. Louis Zickgraf* and *Guy W. Von Schriltz,* both of Pittsburg, for the appellants.

*Hugo T. Wedell,* of Chanute, and *George W. Donaldson,* of Erie, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: Two actions where plaintiffs and land involved are different but defendants are the same persons, were consolidated

in the trial and are consolidated here for review. They are actions to set aside tax deeds within five years after their issue, where the tax titles were quieted on service by publication, and the land conveyed by warranty deed six months after judgments quieting title were rendered. There are practically no disputed facts, but on request the trial court made three findings of fact and a conclusion of law and rendered judgment for plaintiffs, holding the judgments quieting title were void for want of jurisdiction, and defendants appeal.

The tax deeds were issued to one Max Leon, April 22, 1931. The plaintiff owners of these adjoining eighty-acre tracts of land had some time prior thereto become residents of another state and had neglected to pay their taxes. Max Leon immediately upon receiving and recording his tax deeds to these lands entered into possession thereof and remained in possession thereof by tenant until he sold them to defendants. On June 13, 1932, he commenced two separate actions to quiet title to these lands, obtaining service upon the owners thereof by publication notices, and judgment was rendered in his favor in said actions quieting the titles to these lands against the owners thereof, the plaintiffs herein. On April 20, 1933, he conveyed these separate tracts by warranty deeds to the defendants herein for $2,450. In the fall of 1933 these plaintiffs brought these separate actions now before us to set aside the tax deeds.

The defendants answered by general denial and by pleading the quiet-title action of Max Leon and judgments rendered therein against the owners, and also pleading the purchase of the lands from Max Leon in good faith, paying the reasonable market value thereof, and receiving warranty deeds therefor, relying upon the judgments so rendered and that they entered immediately into possession of the land.

The reply alleged that such judgments were null and void and that the trial court had no jurisdiction of such actions because Max Leon did not have possession of the land conveyed to him by tax deeds for five years prior to the commencement of the actions as required by R. S. 60-1804.

The defendants assumed the burden of proof and after the introduction of evidence, the filing of a short stipulation and the making of some oral admissions, the trial court made its findings and conclusion. The third finding of fact and the conclusion of law are as follows:

"3. That the defendants in these actions were not innocent purchasers and they had no right to rely on the judgments quieting title in favor of Max Leon, their grantor, and they took no better title than Max Leon had, as the law charges all persons with knowledge of its existence.

"CONCLUSIONS OF LAW

"The court is of the opinion that the plaintiffs in both these actions should prevail and that the deeds of the defendants should be canceled and held for naught, and that the plaintiffs should be allowed the possession of said premises on the payment of the taxes, together with interest and cost of recording the tax deeds, and that plaintiffs' title should be quieted as against the said defendants and all persons claiming under them, and that they should recover their costs herein."

Both parties admit that the only questions involved are the good faith of the defendants in making the purchase and the validity of the quiet-title judgments.

Appellants insist that they are purchasers in good faith by paying a fair and reasonable consideration as a purchase price and accepting warranty deeds executed more than six months after the rendition of the judgments, relying upon R. S. 60-2530, the pertinent portion of which is as follows:

"A party against whom a judgment or order has been rendered, without other service than publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. . . . but the title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith, shall, after expiration of six months, not be affected by any proceedings under this section. . . ."

They also maintain the validity of the judgments as being based upon R. S. 60-1801, which is as follows: "An action may be brought by any person in possession by himself or tenant of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse estate or interest," citing *Howard v. Entreken,* 24 Kan. 428; *Loan Co. v. Cable,* 65 Kan. 306, 68 Pac. 1127; *Comm'rs of Marion Co. v. Welch,* 40 Kan. 767, 20 Pac. 483; *Perkins v. Gregory,* 87 Kan. 303, 124 Pac. 168; and *Whiteman v. Cornwell,* 100 Kan. 234, 164 Pac. 280. In none of which cases was the validity of the judgment called in question except the Welch case, which was commenced, tried and determined in the eighties, and long before the enactment of the statute here claimed by appellees to render the judgments void. All the other cases treat the judgment as valid. In some of them it had been set aside, but that was held not to affect the rights of the pur-

chaser in good faith who had purchased relying upon the judgment. All of these cases cited above, except the Perkins and Whiteman cases, were decided prior to the enactment of R. S. 60-1804 in 1911, and the Whiteman case shows the judgment quieting title was not based upon a tax deed, but was in fact against the tax-deed holder. So this last-named statute was not involved, nor was the validity of the judgment questioned. The Perkins case was decided after the enactment of R. S. 60-1804, but the quiet-title action, as shown by the record, was commenced in 1904, seven years before the new law went into effect.

R. S. 60-1804 is as follows, being the third section of chapter 232 of the Laws of 1911:

"A tax deed of record for more than five years prior to the commencement of such action shall be a sufficient title upon which to maintain the action: *Provided,* That the plaintiff, or those through whom he derives title, shall have been in actual possession of the 'property covered by such tax deed for five years just prior to the commencement of such action."

It is urged by appellants that R. S. 60-1802, 60-1803 and 60-1804 refer to actions by a mortgagor, and do not modify or change the force and effect of R. S. 60-1801. The first and second sections of chapter 232 of the Laws of 1911 refer to quiet-title actions brought by mortgagors after the mortgage has been in default or mature for more than fifteen years, and the third section, as copied above, provides that a tax deed shall be a sufficient title upon which to maintain an action to quiet title when it has been of record for more than five years prior to the commencement of the action, provided the plaintiff has been in possession of the property covered by the tax deed for five years. The title of the act is as follows: "An act providing for suits to quiet title to real estate in certain cases, and establishing a rule of evidence therein." This is sufficiently comprehensive to include quiet-title actions based on tax titles as well as against mortgagees. Appellants criticise the term "such action," found in the third section as necessarily limiting it to those against mortgagees. This would be too limited a construction when the whole act concerns "suits to quiet title to real estate."

Appellants further urge that R. S. 60-1801 has not been repealed or amended, that it is complete in itself and sufficient to support an action to quiet title based on a tax deed.

These actions on the part of the owners are not to open up and

set aside the judgment and be let in to defend, but they were in fact commenced under R. S. 79-2505, which is as follows:

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of land sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

There is a consistency between this section and R. S. 60-1804 in that the landowner has five years in which to commence an action to set aside the tax deed on his land, and by the other statute the holder of the tax deed cannot commence his action to quiet his tax title before his tax deed has been on record for five years: If we recognize R. S. 60-1804 as having any force whatever, it is an additional requirement as to the age of the tax deed and the time of possession which did not exist in the general provision of R. S. 60-1801. The rule is to construe both sections together and neither section should be ignored.

There is no reason why a judgment cannot be held invalid where the court did not have jurisdiction to hear and determine it or jurisdiction over the subject matter, even in a new and different action by way of collateral attack. (*Mastin v. Gray*, 19 Kan. 458.) In 15 R. C. L. 844 it is said:

"Jurisdiction of the subject is the power conferred upon courts by law to hear a particular class of cases, or to determine controversies of a specified character. This jurisdiction is indispensable to the validity of a judgment, and where a court has no jurisdiction of the subject matter the judgment is void."

And again in the same volume, at page 854, it is said:

"A failure to comply with statutory requirements regulating the exercise of the jurisdiction of a court may be sufficient to deny to a judgment validity which will protect it from collateral attack." (See, also, 34 C. J. 1089.)

The case of *Morris v. Winderlin*, 92 Kan. 935, 142 Pac. 940, is where an action was commenced to quiet title by the holder of a tax deed against nonresident owners in 1903, and judgment was rendered in his favor, but one of the parties was deceased at the time, and it was held:

". . . The defendant in this action is protected in his title purchased in reliance upon the judgment that was afterwards set aside, only so far as the court had jurisdiction to proceed against the living party. . . ." (Syl. ¶ 1.)

Since that time the jurisdiction of the courts has been limited in such matters by R. S. 60-1804 to tax deeds being of record for at

least five years. When the petition in the case at bar failed to show that allegation, made necessary by the statute, the court did not acquire jurisdiction of the subject matter of the action, and the judgment rendered is necessarily void.

We find no error in the holdings of the trial court.

The judgment is affirmed.