## EDGAR HARDING v. J. W. GREENE.
### No. 10548.

1. TAX LIEN UNDER VOID TAX DEED — *not allowed, where description in tax proceedings so indefinite that particular tract or interest assessed cannot be determined.* A tax deed to a city lot was held to be void, and the holder of the same claimed a lien for the taxes, penalties and costs. In the tax proceedings, the lot was assessed to two owners — a part of the lot to each. There was nothing to indicate what part of the lot was owned by or intended to be assessed to each owner, nor that both together were the owners of the whole of either lot, nor was there any testimony to show that either owner was in the actual possession of any particular parts of the lot, or that the same portions

were not assessed or taxed for the same year by other description. *Held*, that the description was too indefinite and imperfect to warrant the allowance of a tax lien upon the lot or any part thereof.

2. ——— *definite description in tax deed does not cure indefinite assessment.* The fact that the tax deed issued purported to convey the whole of the lot did not operate to cure the indefinite assessment nor to supply the proof that the tax was actually levied against a specific and definite parcel.

Error from Kingman District Court. W. O. Bashore, Judge. Opinion filed March 5, 1898. *Reversed.*

*Wheeler & Switzer*, for plaintiff in error.

*J. E. Lydecker*, for defendant in error.

JOHNSTON, J. This was an action of ejectment brought by J. W. Greene against Edgar Harding and others to recover two lots in the city of Kingman. Greene claimed title by virtue of a tax deed executed on December 19, 1893, while Harding claimed title under a sheriff's deed executed about the same time. The tax deed was held to be void because of the insufficient description of the property on the assessment rolls and in other tax proceedings. After the entry of judgment in favor of Harding, Greene filed a motion asking the court to determine the amount of taxes that had been paid under the void tax deed and to declare the same a lien upon the lots described in the deed. On this motion it was shown that the tax deed was based upon a sale of the lots made in 1889 for the taxes of 1888, and that the subsequent taxes were paid and entered upon the certificate of sale down to and including the December payment in 1891. On the assessment rolls, tax rolls, tax sale entries and final redemption notices the lots were only described and referred to in the following manner: "Livingston, S. B. Pt. lot 14, Ave. A West. Hinton, M. A. Pt. lot 14, Ave. A West. Livingston, S. B. Pt. lot 16,

Ave. A. West.    Hinton, M. A. Pt. lot 16, Ave. A
West.''

Nothing in any of these descriptions indicated what
portions of the lots were assessed or intended to be
assessed, or that the assessment was intended to in-
clude all of the lots.    Neither was there anything to
show what part of each lot was assessed to Livingston
or what part to Hinton, nor yet that both together
were the owners of the whole of either lot.    The in-
dorsements upon the certificate of sale, of the subse-
quent payment of the taxes, described the lots as fol-
lows : '' Pt. lot 14, assessed to S. B. Livingston.  Pt. lot
14, assessed to M. A. Hinton.    Pt. lot 16, assessed to
S. B. Livingston.    Pt. lot 16, assessed to M. A. Hin-
ton.''

Opposite each description was the amount of taxes
paid, but nothing to indicate the particular part upon
which each payment was made.    There was no evi-
dence offered that the lots or portions of them were
not assessed or taxed, for the years named, by other
descriptions, nor that the taxes upon the whole of the
lots could have been properly charged against the
parties to whom they were assessed.    Upon this mo-
tion the court held and adjudged that the taxes paid
were a lien upon the lots, and of this ruling Harding
complains.

The judgment entered in the ejectment proceeding
contained a finding and declaration that no lien for
taxes could be allowed, and it is now insisted that,
because that judgment was not formally set aside or
modified, the matter of lien could not again be con-
sidered.    The judgment first entered did not preclude
the reopening of the question as to whether a tax lien
could be allowed, and this was in effect what was
done ; but if the holder of a tax deed is defeated in
an ejectment action, he may then move for the recov-

ery of the taxes, penalties and costs to which he may be entitled.   Tax Law, § 142.   The inquiry as to the tax lien was taken up at the same term of court, and within two days after the first judgment was rendered, and the decision then made was in fact a modification of the judgment first rendered.

As the testimony stands, however, we think it did not warrant the court in holding that the taxes, penalties and costs paid constituted a lien upon the property.   It is essential to the validity of a tax that the assessment roll and other proceedings shall contain a sufficient description of the property taxed.   As will be observed, the descriptions in this case are very indefinite and imperfect, and no testimony was offered showing that the descriptions given were sufficient to accomplish the purpose of the statute.   A definite description is necessary, in order that the owner may be informed of the claim upon his property, and also that, if the taxes are not paid, parties desiring to purchase may know what property is offered for sale, and further, that when a sale is made a proper conveyance may be made to the purchaser.   The statute with reference to the description required in tax proceedings provides that they shall be such as "shall indicate the land intended with ordinary and reasonable certainty, and which would be sufficient between grantor and grantee in an ordinary conveyance."   Tax Law, § 153.   No lien for taxes can be allowed against any particular tract except for the portion of the tax assessed against it; and as we have seen we have no means of determining against what particular part each assessment was made.   It does not appear what part of each lot was intended to be assessed to either Livingston or Hinton.   If it had been shown that Livingston and Hinton, together, owned all of the lots, and that the two parts of each lot described

were intended to cover the whole of each lot, and that the lots were not assessed or taxed for the same years by other descriptions, the lien might have been allowed. *Kurtz v. Chandler*, 32 Kan. 661, 5 Pac. 170. It does not appear that either Livingston or Hinton was in the actual possession of the lots, or parts of lots, or that the interest which each held in the same could have been ascertained by the taxing officers or proven in court; at any rate, nothing was offered tending to help out the indefinite and incomplete description; and upon the proof offered we must hold that it did not warrant the allowance of a lien for the taxes alleged to have been paid.

The fact that the tax deed purports to convey the whole of lots 14 and 16 does not operate to cure the indefinite assessment nor supply the proof that the tax was actually levied against a specific and definite parcel. *Wilkins v. Tourtellott*, 28 Kan. 825.

The judgment of the District Court will be reversed and the cause remanded for further proceedings.