W. B. Smith *et al., Appellants,* v. The United States Sugar and Land Company and The Hays Land and Investment Company, *Appellees.*

No. 16,508.

SYLLABUS BY THE COURT.

1. Affidavit—*Publication Service.* An affidavit for publication service sufficiently complied with the statute to give the court jurisdiction.

2. Judgments—*Validity.* A judgment quieting title held not to be void, although the tax deed upon which it was based was invalid upon its face.

3. ——— *Publication Service—Purchaser in Good Faith—Quitclaim Deed.* One who bought the land in reliance upon such judgment, rendered upon publication service, held to be a purchaser in good faith, although there was a quitclaim deed in his chain of title.

4. ——— *Vacation—Recovery of Value of Land Sold to Innocent Purchaser.* A defendant in a suit to quiet title who was served only by publication and who had the judgment vacated after the land had been sold to an innocent purchaser held to be entitled to a judgment against the plaintiff for its value.

Appeal from Kearny district court; William H. Thompson, judge. Opinion filed May 7, 1910. Affirmed.

*E. R. Thorpe,* for the appellants.

*Lee Monroe,* and *George A. Kline,* for the Hays Land and Investment Company.

*William Easton Hutchison,* and *C. E. Vance,* for the United States Sugar and Land Company.

The opinion of the court was delivered by

PORTER, J.: The court rightly held the tax deed void. It recites a sale in bulk of three separate tracts of land for a gross consideration. (*Worden v. Cole,* 74 Kan. 226, and cases cited.)

The judgment quieting title in the plaintiffs was not void. The affidavit for service by publication was a sufficient compliance with the statute. It states that the defendants are foreign corporations and that personal service can not be had upon them within the state of Kansas. All the other averments are mere surplusage. The omission of an allegation that such service could not be had "with due diligence" (Civ. Code, § 73; Gen. Stat. 1901, § 4507) has been held immaterial in a similar case. (*Washburn v. Buchanan,* 52 Kan. 417.)

The United States Sugar and Land Company is admitted to be a purchaser in good faith relying upon the judgment quieting title. This admission means what it says, and, therefore, the fact that the immediate grantor of the company held by quitclaim title only does not remove the company from the protection of section 77 of the code. (Gen. Stat. 1901, § 4511.) It is useless to say that the quitclaim in its chain of title was notice of defects in the record title, in the face of the admission that the company purchased in good faith relying upon the judgment. Besides, an examination of the record of the proceedings would not have disclosed that the judgment was void on the ground that the tax deed upon which it rested was void on its face. (*Wagner v. Beadle,* ante, p. 468.)

As the vacation of the judgment could not affect the

title of the sugar company to the land, it was proper for the court to give judgment in favor of the investment company for the value of the land, less the lien for taxes under the void deed.

The judgment is affirmed.