## NELSON et al. v. GOLDEN.

No. 10129—Opinion Filed Nov. 22, 1921.

(Syllabus.)

**1. Appeal and Error—Questions of Fact —Findings.**

In a case properly triable to the court without a jury, the court having made findings of fact, and said findings of fact not being clearly against the weight of the evidence, and the judgment of the court being based upon the findings of fact, the judgment of the trial court will not be distrubed on appeal.

**2. Contracts—Several Contracts One Transaction—Statute.**

Section 952, Revised Laws 1910, provides: Several contracts relating to the same matters, between the same parties, and made a part of substantially one transaction, are to be taken together.

**3. Vendor and Purchaser—Rescission by Vendor—Return of Payments.**

In an action to rescind a contract for the sale of real estate, where the court finds the purchaser has paid a part of the purchase price, and said fact is supported by the evidence, the grantor cannot rescind without restoring or offering to restore everything of value which he has received under said contract from the other party.

**4. Same—Judgment—Sufficiency of Evidence.**

Record examined, and held, the judgment of the court is not clearly against the weight of the evidence.

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Action by W. O. Nelson and another against Julius Golden to rescind contract for sale of real estate. Judgment for defendant, and plaintiffs bring error. Affirmed.

### Statement of the Case.

Mrs. Ella Nelson was the owner of 90.35 acres of land situated in Muskogee county, approximately 53 acres situated in section 18, and approximately 37 acres situated across the road in section 19, all in township 15, range 19 east. On the 8th day of January,

1916, she agreed to sell the same to Julius Golden for $75 per acre. In carrying out the terms of that contract she executed two deeds in blank, one to the 53 acre tract for a recited consideration of $5,400, and a deed and written contract relating to the land in section 19 for a recited consideration of $1,451.25. There was a mortgage on the entire tract of land in the sum of $4,000, and it was agreed that this amount should be deducted from the purchase price. The deed to the 53 acres provided the grantee should assume a mortgage in the sum of $3,400. The written contract referred to the deed to the other tract and the fact that $3,400 of the mortgage had been assumed in that conveyance, and the balance of the mortgage, to wit, $600, should be assumed in this conveyance, leaving a balance due of $851.25, which sum was to be paid on or before 60 days.

The written contract further provided that if the land contained more or less than the number of acres estimated, the difference in the consideration should be adjusted at the rate of $75 per acre, said difference, if any, to be adjusted at the time of payment of $851.25 and taken out of or added thereto.

At the time of executing the deed to the 53 acres and the written contract Mr. Golden deposited a check in the sum of $2,000. The grantee in the deeds was left blank, and on or about the 10th day of January, by agreement, Mr. Dunlap's name was inserted in the deed to the 53 acre tract and he deposited his check for $2,000 and the check of Mr. Golden was returned to him and the deed delivered to Mr. Dunlap and the check for $2,000 delivered to the Nelsons.

The land was surveyed and found to contain about one acre less than the total amount estimated; this shortage, or most of the same, being in the 53 acre tract. Both of the parties treated the contracts and deeds as one transaction for the purpose of ascertaining the amount still due. On the 8th day of March, Mr. Nelson tendered to Mr. Golden a deed to the 37 acre tract and demanded payment of the balance due, and was informed that upon failure to pay the same the Nelsons would rescind the contract. Mr. Golden contended that there were certain irregularities or defects in the title to which he objected, and also objected to the form of the deed, and testified he offered to deposit the balance due in escrow with the deed to be paid when the title was perfected, but Mr. Nelson refused said offer and demanded payment. About 30 days thereafter Mr. Nelson demanded a quitclaim deed from Mr. Golden, and Mr. Golden informed him that he had perfected the title and was ready and

willing to pay the balance due, and Mr. Nelson informed him he would not accept the same. The testimony of the parties on this question is conflicting.

A. A. Avery and David A. Kline, for plaintiffs in error.

P. J. Carey and S. A. Horton, for defendant in error.

McNEILL, J. Plaintiff brings this action to cancel and set aside the written contract and to quiet title in her as to the 37.55 acres of land, alleging that a portion of the consideration had failed and defendant had made default and that plaintiff had elected to rescind a contract, and asked that the contract be canceled from record and declared null and void.

The defendant answered, setting up that the written contract was only a part and parcel of the original transaction, and that he had paid approximately $1,400 on the purchase price of the land in question, and there was still due $776.25, and tendered the same into court and prayed for specific performance, and prayed that plaintiff be required to execute a good and sufficient warranty deed to said land.

Upon the trial of the case the court dismissed plaintiff's petition and found the following facts: That defendant had paid on the purchase price of the land in question the sum of $1,398.75 and assumed $600 as part of the purchase price, and found that plaintiff had agreed to convey the property by good and sufficient warranty deed upon payment of the balance of the agreed price, to wit, the sum of $776.25, and that defendant had been ready and willing, and offered to pay the balance according to the terms of the contract, and that the defendant had at the expiration of 60 days offered to pay the balance of the purchase price, which plaintiff refused. The court decreed specific performance upon the defendant paying the sum of $776.25 within ten days, and that plaintiff be required to execute a deed to said land.

There are but two assignments of error. First, that the decision and judgment of the trial court are not sustained by the evidence and are contrary to law, and judgment should be for the plaintiff. The rule governing this assignment is announced in the case of Rush Springs v. Bentley, 75 Okla. 119, 182 Pac. 664, as follows:

"In a case properly triable to the court without a jury, the court having made findings of fact, and said findings of fact not being clearly against the weight of the evidence, and the judgment of the court being

based upon the findings of fact, the judgment of the trial court will not be disturbed on appeal."

Mrs. Nelson in her testimony admitted the negotiations were for the 90 acres, for a consideration of $75 per acre, and the deeds and contract were all made out at one and the same time and as part of the same transaction, and the payment of the sum of $2,000, which would more than pay for the 53 acres, was to be applied upon the payment of the other land within 60 days. Upon her own admission the finding of the trial court that there had been paid upon this tract of land the sum of $1,398.75 is not clearly against the weight of the evidence. The contract provides that there should also be assumed the sum of $600 on mortgage. This finding is undisputed. The parties agreed that the balance still due is the sum of $776.25, so this finding is not clearly against the weight of the evidence. So this leaves the other question of fact, and that is whether the defendant offered to pay the amount on or before 60 days. Mr. Nelson testified that he refused to make said payments, and defendant testified that he offered to make said payments or deposit the same in escrow until the title was perfected. This evidence is conflicting and we are unable to say the findings of the trial court upon any of these facts are clearly against the weight of the evidence. If the findings are true, then, as a matter of law, defendant was entitled to specific performance of the contract.

The second assignment of error is that the court erred in the admission of oral testimony, over the objection of the plaintiff, which changed or varied the express terms of the contract and which was not offered to prove fraud, accident, or mistake. We do not think there is any merit in this contention. Section 952, Rev. Laws 1910, provides:

"Several contracts relating to the same matters, between the same parties, and made as part of substantially one transaction, are to be taken together."

The court in the trial of the case permitted Mrs. Nelson to testify regarding the transaction, and she stated that the contract was for the sale of 90 acres of land at $75 per acre, therefore it was not error to admit in evidence the several contracts regarding the entire transaction. The written contract itself refers to the fact that in the deed to the other land the defendant had assumed a mortgage in the sum of $3,400. This evidence did not vary the terms of the contract, but disclosed what the real consideration was, which is admissible, and, as provided by statute, it was the duty of the court to consider the several contracts and determine from all

the several contracts whether plaintiff was entitled to rescind the contract. A party claiming a rescission of a contract must restore or offer to restore everything of value which he has received under said contract from the other party. Moore v. Kelly, 57 Okla. 348, 157 Pac. 81.

There are no equities in this case in favor of the plaintiff, but all the equities are in favor of the defendant.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and KENNAMER, JJ., concur.