No. 27,506.

DEAN SWALWELL, *Appellee*, v. JESSIE WYATT, *Appellant*, et al.

(257 Pac. 742.)

SYLLABUS BY THE COURT.

1. MORTGAGES—*Reformation and Foreclosure.* The proceedings leading up to a judgment reforming a mortgage by supplying a missing element in the description of the property involved and foreclosing the mortgage pursuant to its reformed text considered, and the objections to the judgment not sustained.

2. SAME — *Judgment of Foreclosure — Setting Aside for Insufficient Description—Equitable Remedy.* Where judgment foreclosing a mortgage cannot be made effective by reason of the insufficient description of the property covered by the mortgage, the plaintiff upon leave of court may have the original judgment set aside, or may have it disposed of as a nullity under R. S. 60-3009, and where no prejudice to the rights of the judgment debtors is pleaded or disclosed he may invoke the equity powers of the trial court to have such mortgage reformed and foreclosed according to its originally intended terms.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed July 9, 1927. Affirmed.

*Charles A. Stratton,* of Kansas City, for the appellant.

*J. W. Parker, G. A. Roberds,* both of Olathe, and *James L. Hogin,* of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment reforming the description of certain town lots covered by a mortgage and foreclosing that mortgage according to its intended terms.

Defendant's objections thereto center about the fact that the mortgage in its defective form had been foreclosed at a prior term of court, and that the procedure later followed, whereby, pursuant to a judgment in an independent action, permission was granted to file an amended petition in the first action to reform and foreclose the mortgage and to prosecute that proceeding to final judgment, was not authorized by the code.

Summarizing the facts and the history of the litigation, it appears that in 1923 M. E. and M. F. Hite owned lots 7, 8, 16 and 17 in block 8, in Southridge, Johnson county, and that they owed this

Appeal and Error, 4 C. J. p. 1167 n. 94. Mortgages, 27 Cyc. pp. 1636 n. 11, 1662 n. 10.

Swalwell v. Wyatt.

plaintiff $2,293.50, payable in monthly installments, with interest; and to secure the payment of this sum Mr. and Mrs. Hite executed to plaintiff two mortgages on the town lots above mentioned, but in these mortgages the number of the block was inadvertently omitted. Later the Hites sold the property to the appellant, Jessie Wyatt. Default being made in payment of the indebtedness, plaintiff, on February 18, 1925, brought suit to foreclose the second mortgage. Jessie Wyatt filed an unverified general denial. Judgment of foreclosure was entered in favor of plaintiff on April 18, 1925, and the property was advertised for sale. It was then noticed by plaintiff's counsel that the description of the property in the advertisement was defective and that this defect ran back through the judgment, the pleadings, and the mortgage itself.

Some time prior to the discovery of the defective description of the property the term at which the judgment had been entered had expired. However, on June 24, 1925, plaintiff made an oral motion to set aside the judgment of foreclosure entered on April 18. This was granted, and on the same day an amended petition was filed containing all the pertinent recitals of the first petition, but including also the requisite facts to permit the reformation of the mortgage. Judgment as prayed for was entered September 2, 1925, but was later set aside on motion of Jessie Wyatt on the ground that the first judgment of April 18 had been improperly set aside and that the court was without jurisdiction to render the decree of September 2, 1925.

A second amended petition filed December 11, 1925, was stricken from the files on motion of Jessie Wyatt.

On December 24, 1925, plaintiff commenced a new and independent action against Jessie Wyatt and the Hites reciting all the facts outlined above and praying that a new trial be granted. Summons was served on Jessie Wyatt and notice was also served upon her attorney, but she neither appeared nor answered; and on April 20, 1926, judgment was entered for plaintiff, decreeing that the judgment in the original foreclosure cause should be set aside, and a new trial granted, and that plaintiff should be allowed to file *instanter* an amended petition therein.

Pursuant thereto, on April 20, an amended petition in the original action was filed, containing all the requisite allegations to justify

the reformation of the mortgage and its foreclosure as reformed. The cause was heard at length, the evidence to support the reformation of the mortgage was abundant and all to one effect, and judgment was entered as prayed for.

Jessie Wyatt appeals. She raises a number of technical points, which chiefly center about the finality of the judgment of April 18, 1925, because the term closed before any effort was made by plaintiff to correct the defective description in the mortgage, the pleadings, or the judgment. She contends that none of the grounds prescribed by the code for the granting of a new trial after the term would fit the predicament in which the plaintiff was placed.

The first judgment, entered on April 18, 1925, was a judgment *in rem* only, and it was altogether ineffective as such by reason of the uncertainty of the description of the property involved. The judgment could not be executed; the sheriff could not find and sell the property because of the defect in the description. The judgment was therefore a nullity. While section 598 of the civil code (R. S. 60-3009) usually has been invoked for the benefit of defendants rather than plaintiffs, it is an integral part of our procedural system for the benefit of either party as justice may require. In this instance it was applicable to the situation of plaintiff. See, also, *Burris v. Reinhart,* 120 Kan. 32, 34, 242 Pac. 143. The judgment of the court, obtained by plaintiff after great tribulation, setting aside that first abortive judgment and granting leave to file an amended petition in the first action was in fact an unnecessary and superfluous procedure. It would have been sufficient to have disregarded altogether the original defective and fruitless judgment and to have commenced anew, reciting all the pertinent facts, the mistake of the scrivener in preparing the mortgage, and the other appropriate allegations for relief. However, all these recitals were comprehensively included in the amended petition which the trial court did approve; and whatever was pleaded unnecessarily was mere surplusage which wrought no prejudice to defendants. Complete justice was eventually accomplished, and our code forbids us to disturb judgments under such circumstances. (Civ. Code, § 581; R. S. 60-3317.)

The judgment is affirmed.