**NICHOLSON et ux. v. ROBERTS et al.**

No. 18643.   Opinion Filed Jan. 22, 1929.

Rehearing Denied July 1, 1930.

Commissioners' Opinion, Division No. 1.

Seawel & DeGraffenried, for plaintiffs in error,

Leahy & Brewster, for defendants in error.

TEEHEE, C.   In this cause plaintiffs below appear here as appellees, and defendants below as appellants.   Our reference to them will be as in their relative trial positions.

The subject-matter of the litigation is the cancellation of a contract for the sale of real estate with the resultant possession thereof.   The contract, which was made a part of the petition, omitting the formal paragraphs, provided as follows:

"That for and in consideration of the sum of $2,590, to be paid as hereinafter provided, parties of the first part hereby, agree to sell and convey unto the parties of the second part, and the parties of the second part hereby agree to purchase from the parties of the first part, the following described property, situated in the county of Muskogee, Okla., to wit: (Description omitted)

"The consideration aforesaid shall be paid as follows:   The sum of $500.00 at the date of this contract; and the sum of $500.00 due January 1, 1926, and the sum of $397.50 on the 1st day of July, 1926, and the sum of $397.50 on the 1st day of January, 1927, and the sum of $397.50 on the 1st day of July, 1927, and the sum of $397.50 on the 1st day of January, 1928.

"All the monies to be paid hereafter shall bear interest at the rate of eight per cent. per annum from the date hereof, payable semi-annually.

"All payments shall be promptly made when due, and it is hereby mutually agreed that time is the essence of this contract and it is hereby further mutually agreed that any payment not made when due shall authorize the parties of the first part to declare the whole amount then remaining unpaid due and payable. on 30 days' notice to the parties of the second part, and such default in any payment under this contract shall cause a forfeiture of the contract, and of all payments made previous to the time of such forfeiture, and said contract thereupon shall be void as to both parties thereto.

"Upon the payment of the whole considereration, as herein provided, the parties of the first part agree and covenant with the parties of the second part, that they will execute and deliver to the parties of the second part a good and sufficient warranty deed to the property above described, the same to be free and clear from all incumbrances whatsoever, except a mortgage held by the Oklahoma City Building & Loan As-

sociation, of $4,000, which the parties of the second part hereby assume and agree to pay as the same matures, to wit, the sum of $48.40 per month, as a part of the consideration for the sale of said premises.

"It is further mutually agreed that the parties of the second part shall pay all taxes against said property, either general or special, accruing after the date of this contract.

"It is further agreed that the parties of the second part shall insure said property for the benefit of the parties of the first part, as additional security for the payments to be made hereunder, and in case the said parties of the second part failed to insure and keep insured said property in an amount equal to the amount due under this contract, the parties of the first part may effect such insurance, pay the premium thereon, and such premium shall become due on demand, together with interest at the rate of ten per cent. per annum, and such sum or sums as the parties of the first part may pay as premium on such insurance, shall be added to the purchase price hereinbefore stated."

Plaintiffs filed the suit on September 9, 1926. Following appropriate allegations of the terms of the agreement, it was alleged:

"Plaintiffs allege that on the 1st day of July, 1926, there became due and payable, under the terms of said contract, the sum of $397.50; none of which amount was paid by defendants, and that prior to said date, and subsequent thereto for more than 30 days prior to the filing of this suit, plaintiffs notified said defendants of their default in the payment of the amount due under said contract, and declared the whole sum remaining due and unpaid in the amount of $1,690; and under the terms of said contract, the rights of the defendants Nicholson became forfeited, and said contract void.

"Plaintiffs further allege that said defendants Nicholson have failed, neglected, and omitted to pay the monthly amounts falling due upon the loan of the Oklahoma City Building & Loan Association: and that they have failed to pay the taxes assessed against said property: that they failed and neglected to secure insurance under the terms of said contract, and the plaintiffs have been required to obtain insurance to protect themselves for the amount due under the terms of said agreement; that defendants Nicholson took possession of the above-described premises upon the execution of said agreement, and ever since that time have been, and now are, occupying and in possession of said premises; that by reason of the default of defendants Nicholson, in carrying out the terms of said agreement and contract as hereinabove set forth, said contract has become null and void; defendants have no further interest in said premises,

and plaintiffs are relieved from any obligation to sell and convey said property to the said defendants, Nicholson; they are entitled to have said contract decreed by the court to be of no force, virtue or effect, and to be awarded the possession of said premises; that the terms, stipulations and agreements hereinabove set out and alleged appear more particularly from a copy of said contract and agreement hereto attached, marked 'Exhibit A,' and made a part of this petition."

Thereupon:

"Plaintiffs pray judgment against the defendants T. J. Nicholson and Laura E. Nicholson, decreeing that plaintiffs are the owners of the above-described premises, and that said defendants have no right, title or interest therein, and awarding plaintiffs possession of the premises, and decreeing said contract to be null and void; * * * and for all such other and further relief, in both law and equity, as to the court may seem just and proper."

Defendants demurred generally to the sufficiency of the petition to constitute a cause of action, and specially for want of equity and other grounds. The demurrer, by an order in general terms, was overruled, to which action of the court defendants saved their exceptions. Following intermediate pleadings by both parties, defendants filed an amended answer, in which they admitted execution of the contract sued on; alleged misrepresentations as to the condition of the improvements on the property upon which they relied, and whereby they were induced to enter into the contract, by reason whereof there was a partial failure of consideration in a sum which, together with payments theretofore made, was sufficient in amount to constitute full satisfaction of the contract; pleaded matter by way of a counterclaim in that further improvements were by them made upon the property, and certain repairs necessitated by defective conditions in specified sums in addition to certain payments made under the terms of the contract, all to their damage in an aggregate sum of $1,655.15, and other matter in estoppel of plaintiffs to assert a forfeiture of said contract, in that they had subsequent thereto promised reparations as to certain conditions of the improvements which they failed and neglected to perform wherefore defendants were excused of further performance of the terms of the contract pending performance of such reparations as by plaintiffs promised; pleaded by way of a set-off all the precedent allegations of their answer, and that by reason of the improvements and payments paid on the purchase price of the property, plaintiffs have bene-

fited under the terms of the contract in the sum of $1,583.65,—

"and that defendants are entitled to have a return of said sums so paid by them, after deducting therefrom the reasonable use of said premises, if it be found that the plaintiffs are entitled to a rescission of said contract, and that said plaintiffs are not entitled to a rescission thereof until they return, or offer to return, the consideration received thereunder, and the provision in said contract providing for a forfeiture of said payments and expenditures is in violation of sections 5067 and 5068, C. O. S. 1921, and void, and defendants are entitled to an accounting therefor."

And thereupon prayed:

"That plaintiffs take nothing by their action herein, and that their petition be dismissed for want of equity; that defendants have judgment against said plaintiffs upon their counterclaim herein, for costs, and all other proper relief; that if said plaintiffs prevail in this action, that an accounting be required, and that the defendants be adjudged a return of all sums paid on the contract or expended for the improvement of said property, after deducting therefrom a reasonable rental for the use of said premises for the period of one year, and for all other proper relief."

Upon a successful motion to require defendants to elect upon either their theory of affirmance or rescission, and a demurrer to the counterclaim pleaded by defendants, which left remaining in the answer the part thereof constituting the set-off, plaintiffs by reply denied all new matter therein contained, and pleaded further matter in estoppel of defendants to assert any rights under the contract.

A jury being waived, the cause was tried to the court. Upon request of plaintiffs for special findings, the court found that the action was one in ejectment; that defendants had defaulted their contract; that no fraud was practiced upon defendants; that there was no mutual rescission; that defendants were not entitled to affirmative relief; that the rental value of the property was $50 per month, with which defendants should be charged for the time of their occupation of the property; that the property during defendants' occupation thereof depreciated 10 per cent. in value. The court declined to find if the improvements made by defendants enhanced the value of the property. As in supplementation of the special findings, the court filed a written opinion, which was concluded as follows:

"That, therefore, considering the facts in the case at bar and the above law applicable, a suit in ejectment will lie which is the nature and cause of action at bar. That the contract is valid and enforceable in all respects, and there does not appear any relief can be afforded from the operation of all of its terms and provisions, so that under the law and evidence in this case it is considered by the court that plaintiffs are entitled to a judgment as prayed for, possession of the premises claimed, and cancellation of the contract of purchase entered into. Let a decree be prepared accordingly, allowing all exceptions to the judgment, finding and decree rendered and entered herein."

The judgment rendered quieted the title to the property in plaintiffs as against defendants; awarded possession to plaintiffs; denied defendants any affirmative relief, and adjudged the costs against them. The judgment was thus tantamount to a decree of cancellation of the contract with possession of the property following as a mere incident, and an award of all sums paid by defendants to plaintiffs under the forfeiture provision of the contract.

Defendants in their complaint of the judgment assign 18 specifications of error, which are grouped in their argument under four propositions, the first of which goes to the sufficiency of the petition to state a cause of action for that the action being one in rescission, there was no allegation of restoration or offer of restoration by plaintiffs to defendants of everything of value plaintiffs had received from defendants under the terms of the contract, which defendants contend was a condition precedent and a requisite of their petition to their right to maintain the action for the cancellation of the contract.

As is already patent, it was plaintiffs' theory that the action was one of ejectment, for that, as by them here contended, the relief sought was the possession of the property, this being shown to be the case under the usual allegations of ownership and the right to immediate possession, as set out in their petition and amendment thereto. In support of their contention, plaintiffs rely on Hill v. Buford, 111 Okla. 148, 239 Pac. 163; Nations v. Stone, 92 Okla. 18, 217 Pac. 1031, and other like cases both by this court and other jurisdictions, which lay down the rule that "a vendor may maintain an action in ejectment against a vendee in possession under an executory contract of purchase, when the vendee is in default." The trial court took a like view, and, as noted, so found and held. It is to be observed that the cases relied on appear to proceed on the theory that the vendee acquired some claim of present title under the terms of the contract of

sale with the right of recovery being a test of the strength of title retained in the vendor as against that granted to his vendee. In the circumstances of the case in hand, we think these authorities are not controlling.

As in all cases, the character of an action in the first instance must be determined from the allegations of the petition. Dodd-Lear Hardwood Lbr. Co. v. Gyr, 44 Okla. 630, 146 Pac. 16. In the cause at bar, plaintiffs pleaded the contract, and upon the allegation of default therein asserted their right to a judicial decree of cancellation of the contract and possession of the property. The prayer was for like relief. The main issue undoubtedly was the cancellation of the contract, from which, as a necessary result of cancellation, there would follow an award of the possession of the property. As no character of title had vested in the defendants under the terms of the contract, the same being for a transfer of title in the future (Lansford v. Gloyd, 89 Okla. 232, 215 Pac. 198), there was nothing in the case to call for a test of the strength of plaintiffs' title as against their adversaries.

In Cullins v. Elerick, 110 Okla. 132, 236 Pac. 886, which in the main was similar to the cause at bar, it was held:

"A suit to rescind a contract and for possession of real property, based upon the ground that the vendee has not complied with the terms of the contract, which provides that the vendee shall make certain payments on the purchase price and pay the taxes and insurance before a deed shall be delivered, is an equitable action and not an action in ejectment."

In Simmons v. Harris, 108 Okla. 189, 235 Pac. 508, the court held:

"Where the entire controversy turns upon the question of whether a contract for the sale of real estate should be rescinded and canceled, or, whether the contractual right to elect to rescind has been lawfully exercised, the right to the possession of the property is a mere incident to the action, and not the main issue; possession following, as a matter of course, a judgment rescinding and canceling the contract under which the party obtained possession thereof. Such an action is therefore one of equitable cognizance, and not an action at law."

In Moore v. Kelly, 57 Okla. 348, 157 Pac. 81, we find this language, which was quoted with approval in Simmons v. Harris, to wit:

" 'The defendants next complain that the plaintiff, neither in his petition nor in his proof, offered to return the $1,000 note executed to him by defendant M. J. Moore at the time the contract for deed was entered into.'

"In 18 Ency, Pleading & Practice, 829, we find the following:

" 'In suits for the rescission and cancellation of contracts, the court applies the familiar maxim of equity of almost universal application, that he who seeks equity must do equity. The plaintiff will not be permitted to repudiate his contract and still retain the benefits which he has derived from it, and his desire and willingness to restore what he has received must appear in the bill or complaint; otherwise, he will have no standing in a court of equity.'

"Section 986, Rev. Laws, 1910 (section 5079, C. O. S. 1921), provides that, in order to rescind a contract, the party claiming a rescission must restore or offer to restore everything of value which he has received from the other party. It seems to us elementary that the plaintiff should have tendered the note both in his pleadings and proof. It would be inequitable and unfair to say that he may still retain the note, and yet oust the defendants from the property for which the note was given in payment."

We think that, under the petition, the action in the cause at bar, in that it primarily sought cancellation of the contract, from which if attended with success possession of the property would necessarily follow, under the principles of the foregoing cases, must be classified as an action in rescission. The term "cancellation," in the sense of its use in the petition, is synonymous with that of rescission, for the accomplishment of either the one or the other would result in a revocation, by reason whereof it was incumbent upon plaintiffs to allege a restoration, or an offer of restoration to defendants of everything of value they, the plaintiffs, had received from them under the terms of the contract, and, having failed to so allege, the petition was fatal on demurrer.

This conclusion renders decision upon the other propositions submitted unnecessary, by reason whereof the judgment of the district court is reversed, and the cause remanded, with directions to the trial court to sustain the demurrer, and for such further proceedings not inconsistent with this opinion.

BENNETT, REID, HALL, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.