## DIXON v. WARREN.

No. 24478.   Nov. 20, 1934.

Rehearing Denied Dec. 11, 1934.

Thomas S. Harris and W. F. Pardoe, for plaintiff in error.

C. A. Warren, for defendant in error.

PER CURIAM. C. C. Warren and F. J. Dixon entered into a written contract by which Warren agreed to sell and Dixon agreed to buy a 30-acre tract of land in Creek county for $1,500, payable $300 on January 1, 1932, and $300 on the 1st day of January for the four succeeding years. Interest was paid to January 1, 1932, and deferred payments were to draw interest at 8 per cent.; the purchaser to have immediate possession, to pay the taxes and insure the property.

The contract further provides:

"It is further understood and agreed that if any of the installments due on the purchase price of said real estate as hereinbefore set forth become due and payable, and the second party is unable to pay all of the same, party of the first part will accept 50 per cent. of any such installment due, plus the accumulated interest due on said deferred payments, and it is also agreed that in the event second party is unable to pay any of the amount due on any such annual installment at the time the same becomes due and payable, second party shall be and is hereby granted a grace period of ninety (90) days within which to pay such installment to first party, and it is agreed that if any of said installments become delinquent in their entirety for a period of 90 days, this contract shall be considered null and void, and first party shall be entitled to the immediate possession of said premises and any and all payments made by the second party up to that time shall be treated as liquidated damages. First party shall not be required to refund all or any part of the same."

The contract and warranty deed were placed with a bank in Sapulpa in escrow to be delivered upon payment of the installments according to the contract.

On April 22, 1932, Warren commenced this suit to cancel the contract and obtain possession, alleging that Dixon had paid $50 on January 1, 1932, $50 on January 30, 1932, $50 on March 1, 1932, and no more, and that Dixon had failed and refused to pay taxes before they became delinquent and had failed to insure the premises. The defendant demurred to the petition and afterwards filed his answer, cross-petition and counterclaim. By his answer he alleged payment of part and tender of balance of the amount due before suit was instituted. By counterclaim he sought to recover actual and punitive damages. The court rendered judgment for the plaintiff on the pleadings and defendant appeals. Numerous questions have been raised by the briefs, but the view we take of the case renders it unnecessary to consider all of them.

This is essentially a suit for rescission. In case of a breach by the purchaser of a contract to sell real estate, the seller may have an option of several remedies, one of which is rescission, if the facts justify it. As a general rule, a court of equity will not rescind a contract on the sole ground that the defendant has failed to promptly perform, but will leave the complaining party to his remedy at law. But the contract may be so drawn as to make time the essence of it and provide for the termination of the contract upon the default complained of. In such case the court will rescind on certain conditions, one of which is that the party seeking rescission must restore or offer to restore all benefits he has received. Nelson v. Golden, 84 Okla., 29, 202 P. 308; Nicholson v. Roberts, 144 Okla. 116, 289 P. 331, and the offer must be unconditional. Black on Rescission of Contracts, sec. 626, p. 1446. Generally one should demand performance before commencing suit, though there are exceptions to the rule. Black on Rescission of Contracts, sec. 566. And he should as a general rule give reasonable notice before suit of his intention to rescind. Black on Rescission of Contracts, sec. 569.

The contract does not provide for its termination except in the event that: "If any of the installments became delinquent in their entirety for a period of 90 days." At least half of the first installment was

paid. The second was not due. The first was not delinquent in its entirety. The contract does not provide for its termination in the event of failure to pay taxes or procure insurance. It is not alleged that there was, before suit, reasonable demand for performance or that reasonable notice of intention to rescind was given, nor are any facts alleged which would excuse failure to make such demand or to give such notice. Plaintiff did offer to restore if the court should so determine. This was not sufficient. It should have been unconditional to be effective. The petition does not state a cause for rescission. It was error to render judgment for the plaintiff on the pleadings, and the judgment of the lower court is reversed.

The Supreme Court acknowledges the aid of District Judge E. L. Richardson, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.