## LOCKWOOD v. MOORE.*

### No. 1442.

Circuit Court of Appeals, Tenth Circuit.

Nov. 18, 1936.

*Rehearing denied Jan. 28, 1937.

690

Cornelius Hardy, of Tishomingo, Okl. (V. R. Biggers and S. W. Biggers, both of Wewoka, Okl., and John C. Blanford, of Ada, Okl., on the brief), for appellant.

Villard Martin, of Tulsa, Okl. (Geo. S. Ramsey and Garrett Logan, both of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Moore brought this suit against Lockwood to quiet Moore's title to an undivided one-half interest in an oil and gas lease on 100 acres of land in Pontotoc County, Oklahoma, and to cancel certain instruments of record as clouds on his title.

On October 29, 1932, R. W. Simpson and Ethel C. Simpson, his wife, executed and delivered to H. L. Wirick an oil and gas lease on the land herein involved. It was recorded November 30, 1932. On December 13, 1932, Wirick and Moore entered into an executory contract whereby Wirick agreed to sell and Moore agreed to purchase an undivided one-half interest in the lease. As consideration Moore agreed to pay $15,000 in cash and to drill a test well. Moore's agreement to purchase was on condition that Wirick furnish an abstract of title showing merchantable title and that Moore be satisfied with and approve and accept the title.

On November 12, 1932, R. W. Simpson filed his petition in the District Court of Pontotoc County, Oklahoma, against Lockwood and others. Simpson alleged he acquired title to the land herein involved by virtue of a resale tax deed to Pontotoc County dated May 10, 1928, and

a tax deed from the Board of County Commissioners of the County to Simpson dated October 28, 1932; that he was the owner of the legal and equitable estate in fee simple in the land and in possession thereof; that the defendants claimed adversely to him; and that their claim was without right and constituted a cloud on his title. He prayed that his title be quieted against the defendants. Lockwood was served by publication. On February 27, 1933, the case came on regularly for trial and judgment was rendered in favor of Simpson and against the defendants quieting the title in Simpson.

On March 3, 1933, counsel for Moore delivered to him an opinion on the title. On March 21, 1933, Wirick executed and delivered to Moore an assignment of an undivided one-half interest in the lease. Moore paid the consideration and drilled the test well in accordance with the provisions of the contract of December 13, 1932.

On August 24, 1916, R. H. Erwin and his wife were the owners of the land herein involved. They gave a mortgage to Aurelius-Swanson Company, Inc., to secure an indebtedness of $1,800. The mortgage was assigned to Lockwood November 26, 1917. Both the mortgage and assignment were duly recorded. By mesne conveyances Monya T. Ennis became the owner of the land subject to the Lockwood mortgage. On September 22, 1925, Ennis executed a warranty deed to Lockwood and delivered it to his agent at Oklahoma City. The deed was not recorded until September 6, 1934.

Lockwood never paid any taxes on the land.

On May 10, 1928, a resale tax deed was executed by the County Treasurer of Pontotoc County to the chairman of the Board of County Commissioners of that County purporting to convey 80 acres of the land. On October 28, 1932, the chairman of the Board of County Commissioners executed and delivered a tax deed purporting to convey all the land to Simpson.

On October 3, 1934, Lockwood released the mortgage. The release was recorded October 4, 1934.

On March 6, 1935, the judgment in the suit to quiet the title brought by Simpson was vacated as to Lockwood under the provisions of section 189, Okl.St. 1931, which reads as follows:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit or other evidence, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits or other evidence to show that during the pendency of the action the applicant had notice thereof in time to appear in the court and make his defense."

This statute was adopted from Kansas in 1893. Commencing with Howard v. Entreken, 24 Kan. 428, decided in 1880, the Supreme Court of Kansas has held in a long line of decisions,[1] that where title to land has been acquired by a purchaser in good faith after a judgment quieting title on service by publication, the subsequent vacation of the judgment under the Kansas statute does not affect the title of the purchaser who relied on the judgment; and that the defendant must look to the plaintiff for redress. See, also, Berkey v. Rader, 116 Okl. 258, 244 P. 184; Van Noy v. Jackson, 68 Okl. 44, 171 P. 462, 463, 464. In the latter case the court cited and approved Howard v. Entreken, supra.

Counsel for Lockwood contend that Moore purchased his interest in the lease while the suit to quiet title was pending and that the decree quieting title was interlocutory. It is true the contract was entered into December 13, 1932, but the language of the contract shows plainly that no title passed thereunder. It was a contract for a future purchase on condition and an equitable title did not pass thereunder.[2] Moore did not approve and accept the title until after the decree was rendered in the suit to quiet title brought by Simpson. Moore relied on that decree.

While the judgment in the Simpson suit to quiet title was interlocutory as to the parties thereto, it was final as to a good-faith purchaser, purchasing subsequently to the judgment and prior to the filing of the motion to vacate same on the faith of the judgment. Section 189, Okl.St.1931.

Counsel for Lockwood further contend that a copy of the tax deed was attached to the petition in Simpson v. Lockwood; that the deed was void on its face; that the petition, therefore, did not state a cause of action and that the judgment is void and subject to collateral attack. In Lind v. Goble, 117 Okl. 195, 246 P. 472, a case directly in point, the Supreme Court of Oklahoma held adversely to this contention. Kirsch v. Tracy, 174 Okl. 489, 55 P.(2d) 428, is not to the contrary. There the judgment was set aside in a direct proceeding with the consent of the plaintiff prior to the purchase by the subsequent purchaser who claimed title.

Moore had neither actual nor constructive notice of the unrecorded deed to Lockwood. Simpson testified he was in possession of the land on March 21, 1933. There is no evidence to the contrary. But if it be conceded that Lockwood was in possession through his tenant, such possession would be consistent with the record title showing Lockwood to hold as mortgagee. Possession is a matter tending to incite inquiry, but the fact that the oc-

---

[1] Pritchard v. Madren, 31 Kan. 38, 2 P. 691; Ashmore v. McDonnell, 39 Kan. 669, 18 P. 821; Farmers' Loan & Trust Co. v. Cable, 65 Kan. 306, 68 P. 1127; McNutt v. Nellans, 82 Kan. 424, 108 P. 834; Smith v. United States S. & L. Co., 82 Kan. 539, 108 P. 860; Whiteman v. Cornwell, 100 Kan. 234, 164 P. 280.

[2] Parks v. Classen Co., 156 Okl. 43, 9 P.(2d) 432; Bradford v. Jones, 170 Okl. 636, 41 P.(2d) 857; Lansford v. Gloyd, 89 Okl. 232, 215 P. 198; Nicholson v. Roberts, 144 Okl. 116, 289 P. 331, 334; Bartlesville O. & I. Co. v. Hill, 30 Okl. 829, 121 P. 208, 211.

cupant has placed upon the public records written evidence of his right with the terms of which his possession is consistent, arrests inquiry at that point, and reasonably informs the prospective purchaser he may rest upon the knowledge thus obtained. If the possession is consistent with the record title, it is not notice of an unrecorded title.[3]

At the trial Moore offered to pay Lockwood the amount due on the mortgage, but Lockwood declined to accept the offer.

The decree is affirmed.

---

[3] Le Neve v. Le Neve, 1 Ves. 64, 26 Eng. Rep. 1172, 3 Atk. 646; Woods v. Farmere, 7 Watts (Pa.) 382, 32 Am.Dec. 772; Schlegel v. Kinzie, 158 Okl. 93, 12 P.(2d) 223; Kirby v. Tallmadge, 160 U.S. 379, 388, 16 S.Ct. 349, 40 L.Ed. 463; Wade on Law of Notice § 297; Jones on Mortgages, Eighth Ed. Vol. I, § 725, p. 1075, id. Vol. II, § 886.