No. 37,959

BOARD OF COUNTY COMMISSIONERS OF CHEROKEE COUNTY, *Appellee,* v. (MYRTLE AUBERT, et al.,) J. R. SMITH, *Appellant.*

(220 P. 2d 131)

Opinion filed July 8, 1950.

*Harry C. Blaker,* of Pleasanton, was on the briefs for the appellant.

*Paul Armstrong,* county attorney, and *F. E. Bowersock,* of Columbus, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a proceeding by motion in a tax foreclosure action to set aside all proceedings therein including the foreclosure judgment and sheriff's deed on the ground all proceedings were void on their face. The motion was overruled and the movant, J. R. Smith, has appealed.

The foreclosure action was instituted by the board of county commissioners of Cherokee county. The single cause of action, No. 237 here involved and included in the petition, pertained to real estate of which The Robinson Coal Company, a corporation, was the record title owner. The purchasers thereof at sheriff's sale were Thomas Hodgson and Josephine Hodgson, his wife. The unverified motion to set aside all foreclosure proceedings as void was filed by J. R. Smith. His motion alleged he was the owner of the real estate in question by virtue of a deed executed and delivered to him by The Robinson Coal Company. The date of the delivery of such deed was not stated and it was not alleged such deed was recorded. The record presented to this court does not disclose any evidence was introduced in support of Smith's motion. It was and is appellant's theory the proceedings are void on their face and the purchasers at the sheriff's sale obtained no title to the real estate. Appellant predicates his right to maintain the instant proceeding solely on the authority of G. S. 1935, 60-3009 which reads:

"A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

The hearing consisted entirely of arguments on appellant's unverified motion which the district court overruled. Title to the real estate was quieted in the purchasers at sheriff's sale.

Appellant's contentions are based on two grounds alleged in his motion. He argues there was no service on The Robinson Coal Company, a corporation, and that the description of the real estate in all parts of the proceedings, including the sheriff's deed, was insufficient to pass title to any ascertainable piece or tract of real estate and the title was, therefore, void on its face. The real estate was described in all proceedings as follows:

"Fraction of the Northeast Quarter of the Northeast Quarter of Section 25, Township 32, Range 23, in Cherokee County, Kansas, (surface only), (Except that part of surface only deeded to State for a State Park), (33½ Acres)."

The sheriff's deed was executed and delivered to the purchasers

December 23, 1948, and the sale was confirmed the next day. Appellant's motion was filed August 30, 1949. Neither the board of county commissioners nor the purchasers at sheriff's sale has filed a brief. The settled law of this state is, as appellant contends, that a description in a tax deed must be such that with ordinary and reasonable certainty it can be determined what has been sold, citing *Wilkins v. Tourtellott,* 28 Kan. 825; *Harding v. Greene,* 59 Kan. 202, 52 Pac. 436; *Kruse v. Fairchild,* 73 Kan. 308, 85 Pac. 303, and also that the description of the land must be sufficiently definite to enable a sheriff to execute the order of sale; that is, to find and sell the property intended to be sold. (*Swalwell v. Wyatt,* 124 Kan. 152, 257 Pac. 742.) It also has been held, as appellant contends, that in a sale and conveyance of real property for taxes the description is sufficient if it would be sufficient in an ordinary conveyance between a grantor and grantee. (*Kruse v. Fairchild,* supra; *Marion County Comm'rs v. Clark,* 157 Kan. 132, 138 P. 2d 449; G. S. 1947 Supp. 79-2316.)

The problem presented is an application of the stated rules. As previously stated no evidence was introduced in support of the motion. The sheriff's return discloses the property described was sold to the purchasers. Insofar as the record before us is concerned it, therefore, does not appear the sheriff had any difficulty determining what part of the forty acre tract belonged to the state for state park purposes. All except six and one-half acres of the forty acre tract were directed to be sold. The sheriff's return shows he sold the remaining thirty-three and one-half acres to Thomas Hodgson and his wife. There is no indication the purchasers did not know from the description what they were buying. For all that appears in the record presented to this court the sheriff may have found the part belonging to the state of Kansas had been fenced and marked "State Park" or that by reason of other markings he was entirely able to identify the respective tracts of land. In view of the sheriff's return and in the absence of contrary testimony we cannot assume the sheriff experienced any difficulty in ascertaining the thirty-three and one-half acres which he was directed to sell and no doubt is shown to have existed in the minds of the purchasers relative to what tract they were buying. Under these circumstances we cannot say the district court erred in refusing to declare the sale void by reason of an inadequate description of the real estate.

Appellant's contention the service on The Robinson Coal Com-

pany was void runs as follows: The foreclosure petition stated The Robinson Coal Company, a Kansas corporation, was the owner or supposed owner of the property to be sold; the sheriff's return stated, "I cannot find the following named defendants in my County—The Robinson Coal Company, a Kansas Corporation"; the affidavit for service by publication stated, in part, ". . . plaintiff does not know and cannot learn or ascertain under the laws of what state said corporations were incorporated or the location of their principal office or principal place of business or any of the officers, managers or directors of said corporation. . . ."

Appellant argues the allegations in the petition and the affidavit are inconsistent and nullify each other to the extent that no affidavit for service by publication existed. Did the stated inconsistency render the publication service a complete nullity? It does appear there is a partial inconsistency in the allegations of the petition and the affidavit relative to whether The Robinson Coal Company is a Kansas corporation. That, however, is not the only fact the affidavit alleged. It also stated, as previously indicated, " . . . plaintiff does not know and cannot learn or ascertain . . . the location of their principal office or principal place of business or any of the officers, managers or directors of said corporation. . . ."

For present purposes we may assume, in favor of appellant, that The Robinson Coal Company was a domestic corporation. The manner of obtaining service on defendants in a tax foreclosure action was governed by G. S. 1947 Supp. 79-2801. After making provision for the filing of the petition and for the delivery of copy thereof, the statute states:

"Thereupon, summons shall issued [issue] and shall be personally served or publication made as provided in other cases under the code of civil procedure, but in the event service is made by publication, the notice, in addition to the requirements prescribed by the code of civil procedure, shall contain a description of the real estate."

Although the preceding statute has been amended in certain particulars the amendment does not affect the above quoted provision. (H. B. 70, ch. 477, § 1, laws 1949.)

The civil code provides for publication service in cases where ". . . the plaintiff upon diligent inquiry is unable to ascertain whether a corporation, *domestic or foreign*, named as a defendant, continues to have legal existence or not, *or has officers or not, or*

*their names and whereabouts. . . ."* (G. S. 1935, 60-2525.) (Emphasis supplied.)

Although the affidavit in the instant case was irregular in that it did not employ the words "upon diligent inquiry" we think reasonable inferences from facts alleged were sufficient in that particular as against the contention the publication notice was void. (*Washburn v. Buchanan,* 52 Kan. 417, 34 Pac. 1049; *Smith v. Land Co.,* 82 Kan. 539, 108 Pac. 860; *Van Gundy v. Shewey,* 90 Kan. 253, 133 Pac. 720.)

The district court, therefore, acquired jurisdiction of the parties. That it had jurisdiction of the subject matter is not disputed. Appellant's attack on the foreclosure proceeding is based entirely on the contention the proceedings were void on their face. He specifically states his contention is not based on the theory of a false affidavit. Yet his unverified motion alleged facts tending to show service could have been obtained on The Robinson Coal Company. Appellant introduced no evidence to support the allegations of his motion and, of course, his unverified motion did not constitute evidence.

For all the record before us discloses The Robinson Coal Company may have been incorporated under the laws of this state as alleged in the petition but entirely defunct at the time the tax foreclosure action was instituted. It is interesting to note the petition alleged taxes on the real estate in question had remained unpaid by the record title owner during all of the years from 1930 to 1947, inclusive.

The proceedings were not void on their face and appellant could not obtain by a mere motion the relief he desired under the provisions of G. S. 1935, 60-3009. The judgment is affirmed.