No. 18,717.

LYDIA A. TUTTLE, *Appellee*, v. TOM K. BELL et al.,
*Appellants.*

### SYLLABUS BY THE COURT.

1. TRESPASS — *Wheat* — *Attachment* — *Disposition of Wheat by
   Agreement—Treble Damages Not Allowed.* By the undis-
   puted evidence in this case Lingenfelter was authorized,
   pending the litigation over the attachment, by the attorneys
   of all the parties interested therein to harvest, thresh and
   market the wheat, to pay the expenses thereof, and to hold the
   balance until the rights of the parties were adjudicated.
   This arrangement was acquiesced in by the appellee, with
   evident knowledge thereof; hence, the appellee is not en-
   titled to recover treble damages in this action nor to recover
   the reasonable expenses incurred in converting the wheat into
   money.

2. SAME—*Measure of Damages.* There being no evidence of any
   unreasonable expense incurred in carrying out the arrange-
   ment, the appellants are liable only for the net amount re-
   ceived for the wheat and the costs of this action.

Appeal from Sumner district court; CARROLL L.
SWARTS, judge. Opinion filed July 7, 1914. Modified.

*W. W. Schwinn,* of Wellington, for the appellants.

*J. M. Ready,* of Wellington, *E. L. Foulke, C. A. Mat-
son,* and *J. D. Wall,* all of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee, Mrs. Tuttle, owned a tract
of cultivated land which she leased to L. M. Ballard.
After sowing a portion of the tract to wheat Ballard, it
seems, was unable to meet a payment of the cash rent,
and by agreement with Mrs. Tuttle surrendered the
lease. Thereafter she rented the farm to two men,
Hasty and Hill, but reserved the wheat crop.

On November 12, 1910, appellant Bell brought
suit in the justice court against R. Z. Ballard, a son of
L. M. Ballard, claiming that R. Z. Ballard had sown the

wheat and had an interest therein, and caused an attachment to be levied on the wheat as the property of R. Z. Ballard or on his supposed interest therein. The attachment, it seems, was levied by the sheriff of the county, who was succeeded in January following by appellant Lingenfelter, prior to the expiration of his term of office. Bell obtained judgment against R. Z. Ballard for $170.65 debt and $48.50 costs and an order sustaining the attachment. R. Z. Ballard did not appear, and thereafter Mrs. Tuttle filed an interplea in the action, claiming that the 130 acres of growing wheat belonged entirely to her, and asked that the attachment be released. A hearing was had thereon before the justice on April 13, 1911, and on the 15th the justice made an order discharging the 130 acres of wheat from the attachment. Bell filed a bond to appeal from this order, which was approved, and the case was certified to the district court. The appeal came on for hearing in the district court in the fall of 1911 and the court dismissed the appeal on the ground that the matter was not appealable and the court had no jurisdiction to consider the matter.

Thereafter this action was brought by Mrs. Tuttle against Tom K. Bell, D. E. Holliday and John Lingenfelter to recover treble damages for the alleged value of the wheat. In her petition the appellee alleged that she was the owner and in the possession of the land upon which the 130 acres of wheat was grown, and of the wheat sown thereon in the fall of 1910 and harvested and threshed therefrom in the year 1911; that the defendants unlawfully and without right cut down and carried away the wheat and converted it to their own use and deprived the plaintiff thereof; that the wheat was worth $1563, with six per cent interest from July 10, 1911, until paid; that by reason of the unlawful seizure thereof she was entitled to treble damages, and prayed judgment for $4608. Defendant Holliday made no appearance and no judgment for or against him was rendered. Bell and Lingenfelter answered

separately, by general denial, and alleged the owner-
ship of the wheat by Ballard and the judgment against
Ballard.

The sheriff also alleged that he had procured the
wheat to be harvested, threshed and sold on the market
for the best price obtainable therefor; that the wheat
brought $948.61, and that he paid for harvesting,
threshing and marketing $311.95 and had in his hands
the remaining sum of $636.95; that he did not claim
and never had claimed any interest in or title to the
money or any part of it; that he assumed the task of
harvesting, threshing, and selling the wheat at the re-
quest of the parties, and asked the court to make such
order as might be proper directing what disposition he
should make of the money remaining in his hands, but
asked the court to render no judgment against him for
costs.

The appellee replied to these answers by general de-
nial, and further alleged the order of the justice of the
peace discharging the attachment therein in the action
of Bell against Ballard, and other facts which in view
of the verdict and judgment need not be recited.

On these pleadings the case was tried. The appellee
produced evidence that prior to the attachment she had
bought the interest of Ballard in the wheat and was the
owner of the land at the time the attachment in *Bell
v. Ballard* was levied. She then called J. M. Lingen-
felter as a witness, who testified that he had no writ of
attachment under which he proceeded, but that he har-
vested, threshed and marketed the wheat on the request
of Mr. Ready and Mr. Schwinn, who authorized him so
to do; that Mr. Ready was representing Mrs. Tuttle in
the matter; also, that Mrs. Tuttle afterwards talked to
Lingenfelter about selling the wheat; that she told him
she wanted it sold at Belle Plaine, and he explained to
her that it would cost more to haul it to that place than
to Peck; that he sold it to Bell at Peck; that she said she
did not want Bell to weigh the wheat; that he told her

to name her man, and she named Mr. Lane and Lane weighed the wheat. Lane testified there were 1216 bushels according to the scale weight.

As we understand, all this transpired before the district court dismissed the attempted appeal from the justice's court.

The evidence in regard to the ownership of the wheat, without controversy, sustains the appellee's contention as to her ownership thereof, and equally, without controversy, it sustains the claim of Sheriff Lingenfelter as to his authority for harvesting, threshing and marketing it. As to appellant Bell, he was litigating in a lawful manner his right to have the wheat, or at least a part of it which he claimed belonged to Ballard, sold and applied to the payment of his claim against Ballard.

The appellants requested the court to give the jury instruction No. 2, which reads:

"2. If you believe that the plaintiff, by herself or by her attorney, agreed that the defendant, J. M. Lingenfelter, should harvest, thresh and sell the crop of wheat in controversy in this action, and pay the expenses of the same from the proceeds of the wheat sold, and hold the balance of the money until it shall be determined who was entitled to the same, then the plaintiff could, at most, only recover the money remaining in the hands of the said Lingenfelter after the payment of the expenses."

The refusal of this instruction was error.

Under the undisputed evidence, given in the presence of the attorneys who were said to have made the agreement, the refusal of this request was error. The appellee recognized the act of her attorney, Ready, in authorizing Lingenfelter to harvest and market the wheat, and discussed with Lingenfelter where the wheat should be sold and selected a man to weigh it, and this was in Ready's office and, so far as appears, in Ready's presence. There is no evidence that Lingenfelter incurred any unnecessary expense or any greater

Tuttle v. Bell.

expense than the appellee would necessarily have incurred in harvesting, threshing and marketing the wheat, or that he did not receive the full market price therefor and correctly report the same to the appellee.

The undisputed evidence in this case shows that the appellant, Bell, was contesting by advice of counsel his right to attach an alleged one-third interest in the wheat as the property of Ballard, and that while such litigation was pending it became necessary to harvest the wheat and that attorneys representing Bell and Mrs. Tuttle authorized and requested appellant Lingenfelter to harvest, thresh and market the wheat, and that Mrs. Tuttle recognized the authority to Lingenfelter by discussing the sale of the wheat and appointing a man to weigh it who did weigh it.

This action was not brought to recover damages for a wrongful attachment, but to recover treble damages for the cutting and removal of the wheat and costs. To recover treble damages in such case it is essential that the trespass be committed without color of authority. (*Fitzpatrick v. Gebhart,* 7 Kan. 35.)    Lingenfelter in harvesting, threshing and marketing the wheat was not acting without authority from Mrs. Tuttle. It is therefore ordered that the judgment be modified and reduced to the net amount received for the wheat, and for the costs of the action.

The judgment as modified is affirmed.