762

No. 34,146

CASEY G. COCHRAN, II, *Appellant*, v. GLENN GILL et al., *Appellees*.

(89 P. 2d 843)

Opinion filed May 6, 1939.

*Jerry E. Driscoll* and *Harold W. McCombs*, both of Russell, for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action in ejectment. The petition is in the short form authorized by statute (G. S. 1935, 60-2001). Plaintiff alleged that he is the owner of and vested with the legal title to lots 2 and 4 in block 3 in Cochran's addition to the city of Hays, and entitled to the immediate possession of the premises, and that defendants unlawfully keep him out of possession thereof. There was a second cause of action for rents.

The answer was a general denial. A jury trial was waived. The court found for plaintiff as to lot 4. The court found for defendants as to lot 2, and also that the house on the premises goes with lot 2. Plaintiff has appealed from the rulings adverse to him.

From the record it appears that the defendant Gill and his wife made no claim of title to lot 4; hence, we examine the record only as it pertains to the title to lot 2.

On August 7, 1929, the Liberty Trust Company, a Missouri corporation, brought an action (No. 8315) in the district court of Ellis county against the executor and heirs of C. G. Cochran, deceased, the receivers of certain failed banks, and others, to quiet its title to a tract of land described by metes and bounds and said to contain 103 acres. The petition was in the form authorized by G. S. 60-1801. Plaintiff alleged that it was the owner in fee simple and in the actual and exclusive possession of the real property; that defendants claimed some rights or interest therein, the exact nature of which was unknown to plaintiff; asked that they be required to set up their

respective claims and interest in the property, and that plaintiff's title be quieted as against them. Soon after the action was brought a receiver was appointed for the plaintiff corporation, and in due time he was authorized to proceed with the action. Some months were consumed in the service of process and in the formation of the issues, and on May 27, 1931, a judgment and decree was entered quieting plaintiff's title to the land, subject to the prior lien of certain parties for taxes upon separate parts of the property. The metes and bounds description of this tract of land included lot 2 in block 3 of Cochran's addition to the city of Hays. Without being definitely shown, it appeared that this tract of 103 acres, or at least a part of it, previously had been platted into lots and blocks as an addition to the city. Glenn Gill was not a party to that action, unless it can be said he was made so by a certain stipulation and by certain language in the decree later to be noted.

On September 11, 1930, the defendant in this action, Glenn Gill, as plaintiff, brought an action (No. 8498) in the district court of Ellis county in ejectment for the possession of lot 2, block 3, in Cochran's addition to the city, and to quiet his title thereto. The defendants in this action included the Cochran heirs, the receiver of the Liberty Trust Company, the receivers of several failed banks, and others, all of whom were parties, either plaintiff or defendant, in case No. 8315, although that action was not referred to in the pleadings. In the petition plaintiff alleged he was the owner in fee simple of the property in question and entitled to immediate possession, and that defendants unlawfully kept him out of possession; and the petition also included allegations common to an action to quiet title. The prayer was that plaintiff have judgment for possession of the property; also, that he have judgment quieting title as against the defendants. On November 24, 1930, the court rendered judgment for plaintiff for the possession of the property, and also rendered judgment quieting title in him as against the defendants, and soon thereafter, and under an order of the court to the sheriff to put him in possession of the property, Glenn Gill and his family moved into the house on the premises, and since that time have been in the actual, open, and continuous possession of the property.

On November 29, 1930, the attorney for plaintiff in case No. 8498 entered into a stipulation in writing with the attorney for the plaintiffs in case No. 8315, that the cases be consolidated, that the judgment rendered against the Liberty Trust Company in favor of the

plaintiffs in case No. 8498 be withdrawn, but "so far as the judgment goes, to the possession of the property of plaintiff, the judgment shall stand, until said litigation is finally determined." This stipulation was filed in case No. 8498. The decree rendered May 24, 1931, in case No. 8315 recited, among other things, "that the intervenor, Glenn Gill, be adjudged to have a lien superior to all other parties for the amount of his tax lien in the sum of $138.76 on the following described property, to wit: All of lot 2, block 3, Cochran's addition to Hays."

The plaintiff in this action claims title to lot 2 by virtue of the stipulation above mentioned and the decree of May 27, 1931, in case No. 8315, and because of the fact that later he purchased all the property described in that action from the receiver of the Liberty Trust Company.

The evidence in this case disclosed that the defendant, Glenn Gill, plaintiff in case No. 8498, had no actual knowledge of the pendency of case No. 8315, and that he knew nothing about the stipulation entered into by his attorney after judgment had been rendered in his favor in case No. 8498, and that he never at any time authorized his attorney to make that stipulation, or to appear for him in case No. 8315. The record further shows that he in fact did not intervene in case No. 8315, that he never was named as a party in that case, and that no pleadings filed in that case joined any issue as between him and the plaintiff, or any of the other parties in that action. By reason of these facts it was the opinion of the trial court in this case that Glenn Gill never had his day in court in case No. 8315, and that the above-quoted language in the decree in that case was not binding on him. We agree with the trial court on this point.

In this case evidence was produced tending to show that Glenn Gill obtained a tax deed on lot 2, block 3, Cochran's addition to Hays, on September 3, 1930, and that this was the only title he had to the property at the time he brought the action on September 11, 1930, in case No. 8498, in ejectment and to quiet title. It was argued on behalf of appellant that under G. S. 1935, 60-1804, as construed by this court in *Bryner v. Fernetti,* 141 Kan. 446, 41 P. 2d 712, the decree in case No. 8498, quieting title in plaintiff, was void because the action was prematurely brought. It will be noted that the petition in case No. 8498 alleged that the plaintiff was the owner in fee simple of the property; it said nothing about a tax deed. So, on the face of the papers, the court had jurisdiction to render a

decree quieting title. The trial court took note of that fact, and further noted that even though it might be shown in this case that plaintiff had nothing but a tax deed, and hence that the court had no jurisdiction of the quieting title feature of that action, a question upon which the trial court expressed doubt and which we find unnecessary to decide here, the court unquestionably had jurisdiction of the ejectment feature of the case, and therefore had jurisdiction to enter a decree for possession of the property as against the defendants in that action. It will also be noted that in the stipulation entered into by the attorneys, without Gill's knowledge, as the court now finds, that part of the judgment in favor of Gill for the possession of the property was to stand until the final termination of the litigation in the consolidated cases. It will further be noted that the final decree in case No. 8315 did not oust Gill from possession, nor does it profess to set aside or disturb his judgment for possession of the property previously entered in case No. 8498.

Neither the petition in this case nor any pleading in case No. 8315 makes any attack on the validity of the tax deed shown by the evidence in this case to have been issued to Gill September 3, 1930. There is no contention that the tax deed is void, or voidable, for any reason, and there was no evidence to that effect. We think it clear from the record that the court correctly held against plaintiff and in favor of the defendants, Glenn Gill and his wife, with respect to the title to lot 2.

There is another feature to the case. Plaintiff offered evidence tending to show that lots 2 and 4, in block 3, Cochran's addition to the city of Hays, lay side by side; that there is a residence house on the property, and it is so situated that about half of it is on lot 2 and the other half on lot 4. Plaintiff asked for a holding that he is entitled to the ownership and possession of that portion of the house on lot 4 and for rent for its use. The court declined to grant this, for the reason, *first*, that this was not an action for determining boundaries between the two lots. There had been no official survey of the lots to show what part, if any, of the house is on lot 4. Furthermore, there was evidence that beginning as early as 1926, the date of the first delinquent tax included in the tax deed acquired by Gill September 3, 1930, lot 4 had been assessed without improvements, lot 2 had been assessed with improvements, which clearly included this house, and by far the greater part of the taxes on lot 2 was for the improvements thereon. While the trial court held,

properly as we think, that the question of the boundary line between the two lots was not before the court, the court did express the view that the house belongs to defendants, and if upon an official survey, or an action involving the boundaries, it should be found that a part of it is on lot 4, defendants should be permitted to move it on to lot 2. While this informal view cannot be regarded as a binding judgment between the parties, since the boundary line was not properly in controversy here, we see no reason to reverse this case because the trial court expressed those views.

We find no error in the record. The judgment of the court below is affirmed.